## THE JONES AND HOTCHKISS COMPANY *vs.* SARAH L. DAVENPORT.

Third Judicial District, Bridgeport, October Term, 1901. .
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Where a contract for alterations or improvements of real estate has been substantially, though not fully, performed, without any wilful default, the other party, if he has received and retained the resulting benefit under circumstances sufficient to raise an implied promise to pay for it, may be held for the reasonable value to him of the work and material furnished, estimated with reference to the contract price.

The plaintiff contracted to do the plumbing of a house under a written contract containing specifications, for $435. In an action upon the contract to recover the stipulated price, it appeared that the work called for had been done properly, except in certain particulars, and that these could be made good for $100. *Held* that under these circumstances it was legally permissible for the trial court to find that the plaintiff had substantially performed its agreement, and to render a judgment in its behalf for the contract price less $100.

Where in the claims of law made in argument a general claim of variance is followed by a specific assignment pointing out wherein the alleged variance consists, the latter may properly be considered

as modifying the former and as a withdrawal of objections not covered by the specific claim.

Judicial notice may be taken by a trial court of the nature of a " circulation pipe " in connection with a hot-water system, and that in plumbing a house none is ordinarily put in.

A plumbing contract required the contractor to " properly connect tank, boiler, range, wash trays, butler's sink and bathtub with galvanized pipe for hot and cold water—all to be put in good working order," and the entire job to be done in workmanlike manner. *Held* that the trial court was justified in construing this provision—in view of the size and character of the house, and the failure of the defendant to suggest while the work was being done that a circulation pipe should be put in—as not requiring such a pipe.

An agreement by the parties to a contract to leave the question whether extra charges were proper, to a third person to determine, and his decision of the question, though an informal proceeding, constitutes a binding arbitration and award.

Argued November 14th, 1901—decided January 9th, 1902.

ACTION to recover the contract price for work done and materials furnished, and also for extras, brought to the Superior Court in Fairfield County and tried to the court, *Shumway, J.;* facts found and judgment rendered for the plaintiff for $1,156, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The first count in the complaint was on a written contract, and alleged due performance. The contract was one for plumbing the defendant's house in the country, so as to supply it with a tank in the attic, bathtub and water-closet, sink in butler's pantry, wash trays, boiler, soil pipe, and proper traps and connections. The job was to be finished " in workmanlike manner and complete, for the sum of $435." It called for soil pipes properly set and connected.

The finding shows that it was so finished, except that the plaintiff company made a putty joint instead of a caulked joint with lead and oakum, to connect the waste pipe from the butler's pantry sink with the soil pipe beneath the floor of the butler's pantry, and that said joint was of no value to the defendant; it constructed a trap underneath the bathtub and water-closet and connected it with the soil pipe in

the cellar in such manner that it was of no value to the defendant; it so placed the stop-cock upon the hot water pipe leading to the bathtub that it could not be turned, and was of no value to the defendant; and it did not properly support the soil pipes. It would require the expenditure of $100 to complete it properly in these respects, and judgment as to this count was for the contract price, less that sum, with interest.

The second count was for work and materials not included in the above contract.

*Daniel Davenport* and *William A. Redden*, for the appellant (defendant).

*Edward M. Lockwood*, for the appellee (plaintiff).

BALDWIN, J. The plaintiff alleged due performance of a written contract. The trial court has found that it was substantially though not fully performed. If so, the plaintiff, not being found to have been in wilful default, had a cause of action for the reasonable value of the work and materials so furnished, estimated with reference to the contract price, and to the resulting benefit to the defendant, provided she appropriated that benefit under circumstances sufficient to raise an implied promise to pay for it. *Pinches* v. *Swedish Evangelical Lutheran Church*, 55 Conn. 183; *Jones* v. *Marlborough*, 70 id. 583, 589.

The plaintiff finished the job (so far as it did finish it) more than a year before its complaint was filed. It added to the defendant's house what evidently must have increased its value, provided the plumbing introduced were left in proper working order. It was not so left; but all the defects could be remedied for $100, which was but a fraction of the contract price. It is true that they were such as, till remedied, made all the plumbing worse than useless, because it was a necessary source of danger to the health of those inhabiting the house. But so would it have been, had the soil pipe been accidentally left stuffed with shavings,

which could have been removed in an instant. Potentially, the house was benefited by what had been done, and it might fairly be held that the contract was performed in substance though not in all its details. The question before us is not whether, as matter of law, the contract was substantially performed, but whether it could, as a matter of fact, reasonably be held to have been so performed. *West* v. *Suda*, 69 Conn. 60.

Under these circumstances, the Superior Court was justified in refusing to allow the defendant to enrich herself at the plaintiff's expense. It may be that she could have had all that it had put in removed, as worthless in its existing shape. But, knowing, or having the means of knowing, that a comparatively slight expenditure would make it all that the contract called for, she allowed it to remain. This being so, the law implies a promise from her to do what she ought to do, and the judgment appealed from correctly measures her liability in this respect.

It is urged that the case made varies from the complaint. In the trial court there was a general claim of law that no finding of facts not alleged would support a recovery; but this was followed by the more specific claim that the plaintiff had failed to prove that it had performed the contract declared on, either exactly or substantially. The particular claim might properly be considered by the Superior Court as modifying the general claim, and withdrawing any objection which might otherwise have been raised on the score of variance, provided a substantial performance were made out. The court, having found that there was a substantial performance, was therefore justified in giving judgment for the plaintiff.

The contract required the plaintiff to " properly connect tank, boiler, range, wash trays, butler's sink and bathtub with galvanized iron pipe for hot and cold water, . . . all to be put in good working order." The defendant claimed on the trial that in order to make such connections for hot water in such a house, and with such an arrangement of faucets, and put all in good working order, it was indispensable to provide a " circulation pipe; " and offered the testi-

mony of an expert to that effect. She had been present while the work was going on at her house, and had superintended it, but never before had suggested that there should be such a pipe.

Judicial notice could properly be taken by the Superior Court, both of what such a pipe is, and that none is ordinarily used in plumbing a house. Its office is to create a circulating current of warm water from the boiler to the remotest faucet and back again. The pressure from the tank or mains must always drive the water from the boiler along the usual connecting pipes towards such outlets as may be provided, although it may reach them more slowly and at a lower temperature than if a return current were secured. The contract, though quite precise and full in its specifications, did not call in terms for a circulation pipe. It was for the court to construe it, in view of all the surrounding circumstances, including the size and character of the house, and the conduct of the defendant; and, so regarded, the conclusion was warranted that it did not include putting in a pipe of that description.

Such a pipe may be a part of the plumbing to be put into a house, where the proprietor has stipulated for the introduction of the most perfect system and the most complete apparatus known to modern art; but it does not follow that it was required by the terms of the contract in suit.

Under the second count, certain charges were made for work done in connection with a furnace, which had been put into the house under another contract between the parties, for a stipulated price which the defendant had paid. Whether these charges were proper or not they had agreed, before the suit was brought, to leave to the determination of a third party, and he had given a decision in the plaintiff's favor. This, though an informal proceeding, was in law an arbitration and award, and conclusive, as such.

There is no error.

In this opinion TORRANCE, C. J., HALL and PRENTICE, Js., concurred.

HAMERSLEY, J. (concurring in result).   The first count of the complaint states  facts supporting a cause of action arising from the defendant's failure to pay the sum of money agreed upon in the plumbing contract, when that sum became due by reason of the plaintiff's completion of the contract. The trial court held that for the purpose of supporting such a cause of action the plaintiff had substantially performed the plumbing contract.

I think the court  erred in so holding.    There was not such a substantial compliance with the contract as gave the plaintiff a right of action based solely on the  breach of the  promise specified in the contract.    It is true that the  substantial performance of a contract is ordinarily a question of fact for the trial court ; but when, as in  this case, the  conclusion of performance is inferred wholly from subordinate facts found and set forth in the record, which are plainly inconsistent with such inference, that conclusion involves an error in law. The facts  found, however, do  show  that  the  plaintiff furnished the materials and rendered the services mentioned in the plumbing contract, in most  particulars in accordance with that contract.    It is claimed, and  perhaps rightly, that they also show that the defendant has  accepted and  retains the benefit of the plaintiff's  work ;  upon these  facts a good cause of action has been proved.    Under such circumstances the law imposes upon the defendant the duty of  paying the plaintiff the value of his work, measured by the prices stated in the contract, less the damage to  the defendant caused  by the plaintiff's  failure  to fully  perform the  contract.    It is evident that  the  practical difference between  this cause of action and that arising upon a substantial performance of the contract, is slight.    Either may be supported and  attacked by substantially the  same evidence.    Under  the  former system of pleading, when the two  causes of action had  to be enforced, if at  all, through  different and  distinct  forms of action, the difference was  material.    But now  the  only question is, whether facts found supporting either cause of action come  fairly within  a  statement of material facts con-

tained in the complaint, or, if variant, whether that variance can be regarded as material after trial and judgment.

The plaintiff's statement might well have been amended after trial, in view of the facts actually proved. It is suggested in the opinion of the court that the particular claims made by the defendant during the trial operate as a waiver, and that a judgment can be sustained upon the cause of action proved. The difference between the failure to pay for work done, the price promised to be paid in a contract, and the failure to pay for work done, its actual value measured by the terms of the contract, is not a very substantial one for practical purposes, and is no longer important as determining the form of an action. I incline to concur with hesitation in the result announced in the opinion.

Under the second count the plaintiff claimed to recover for certain work done at defendant's request, and the defendant claimed that payment for this work was included in the contract price for a furnace built by the plaintiff. In the contract the plaintiff agreed to "set furnaces as low in cellar as necessary to secure owner from any fear of fire." The defendant claimed that by a true construction of the contract the plaintiff was bound to secure her from entertaining any fear of fire, however unfounded or unreasonable such fear might be. The court ruled that the plaintiff contracted to secure the owner against danger or any reasonable cause or fear of fire.

This ruling was correct. The court finds that there was no danger, and no reasonable cause of fear of fire, and this renders it unnecessary to consider the effect of the so-called arbitration, which the defendant claimed in argument had been improperly included in the finding.

In other particulars, I concur in the opinion.