JAMES O'LOUGHLIN *vs.* SILVESTOR L. POLI.

First Judicial District, Hartford, October Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

While an antecedent oral agreement is inadmissible in evidence to vary
   or modify the terms of a written contract between the parties em-
   bracing the same subject-matter, such agreement may neverthe-
   less be admissible, in connection with other evidence, as tending
   to throw light upon subsequent acts and conduct of the parties
   from which an agreement may be implied in harmony with, and
   in substantial recognition and reaffirmation of, their original oral
   understanding.
In an action to recover a balance alleged to be due under a written
   contract for the erection of a theater for the defendant, it appeared
   that certain changes in the plans had resulted in a saving of $5,000
   on the contract price, and this sum the defendant contended
   should be allowed him, pursuant to the terms of the written con-
   tract.   The plaintiff claimed that prior to the execution of the
   written contract the defendant had orally agreed that such al-
   terations should be made and that the contract price should not
   be affected thereby.   *Held* that while the oral understanding of
   the parties was not admissible to contradict the written contract,
   it was nevertheless open to the parties to subsequently modify
   or change the provisions of the written instrument, and that as
   tending to prove the implied agreement under which changes in
   the plans and specifications were in fact made, and for the pur-
   pose of characterizing the acts and conduct of the parties in ref-
   erence thereto, their original antecedent oral understanding was
   admissible.
During the progress of the work the plaintiff received $11,000 in three
   payments from the defendant, but the trial court found that only

O'Loughlin v. Poli.

$4,300 of it was applicable to the building in question. *Held* that notwithstanding an isolated statement of the plaintiff seemed to support the defendant's claim respecting these payments, the other evidence in the case warranted the finding as made.

A defendant who pleads payment is bound to show not only that the plaintiff had the money, but that it was paid under such circumstances as entitled the defendant to have it credited to him upon the particular account in suit.

The written contract provided that the building should be completed on or before a certain date, and the defendant filed a counterclaim for damages because of a failure to comply therewith. *Held* that inasmuch as the defendant had waived this provision, and the building had been completed within a reasonable time, as found by the trial court, in view of the extra work required and of the changes made in the plans from time to time by the defendant, he could take no advantage of the delay.

The building contract provided that payments should be made only upon certificates of the architect; that all work should be done under his direction; and that his decision as to the true construction and meaning of the drawings and specifications should be final. *Held* that the final certificate of the architect stating the amount to which the contractor was entitled, was admissible in evidence to show that it had been given, and that the work had been approved as being in conformity to the plans and specifications.

Argued October 7th—decided December 17th, 1909.

ACTION to recover an alleged balance due on a building contract, and also the reasonable worth or value of extra labor and materials, brought to and tried by the Superior Court in Hartford County, *Shumway, J.;* facts found and judgment rendered for the plaintiff for $17,932, and appeal by the defendant. *No error.*

*Edward A. Harriman,* for the appellant (defendant).

*William F. Henney* and *Harry W. Reynolds,* for the appellee (plaintiff).

PRENTICE, J. The complaint contains two counts. The first sets out the execution by the plaintiff, a building contractor, and the defendant, a property-owner, of a written

contract, whereby the former agreed to construct for the latter a theater building in New Haven, according to plans and specifications made a part of the contract, for the consideration of $81,000. It alleges the plaintiff's performance, and that $16,700 of the contract price is overdue and unpaid. The second was for the recovery of the reasonable value of extra work. Judgment was rendered for the plaintiff upon each count. No question is presented as to the action of the court upon the second. Under the first count the court permitted recovery for $13,391.93 with interest, as the unpaid portion of the reasonable value of the building to the defendant. This amount was arrived at in the manner hereinafter indicated. Two quite independent questions are thus suggested: first, whether or not, upon the facts found, the plaintiff was entitled to a recovery of said sum; and second, if he was, whether that recovery could be had under the first count as framed.

Upon the trial no objection was made to any of the plaintiff's evidence upon the ground of variance; no claim was presented by the defendant that the pleadings were insufficient for the plaintiff's recovery thereon of whatever the facts in evidence disclosed him to be entitled to recover; and the brief of defendant's counsel before us expressly states that it is conceded for the purpose of the case "that the plaintiff may recover on the doctrine of substantial performance, and that he is entitled to recover 'the reasonable value of the work and materials so furnished, estimated with reference to the contract price, and to the resulting benefit to the defendant,' in accordance with the law as laid down in *Jones & Hotchkiss Co.* v. *Davenport,* 74 Conn. 418, 420," 50 Atl. 1028. The concession thus stated is more fully elaborated in the brief, so that it clearly appears that all pleading questions involved are waived, provided the plaintiff's recovery is based, not upon a *quantum meruit*, but upon a contract, and the amount thereof is estimated with reference to the contract

price. We are thus at liberty to pursue the broader inquiry as to the correctness of the court's action within the range thus permitted.

The defendant objects to the court's award, (1) because the plaintiff was allowed too great a sum for his performance, by reason of the adoption of an erroneous rule for its determination; (2) because a credit for a payment on account was refused; and (3) because judgment was rendered against the defendant upon his counterclaim for delay in the completion of the building.

In arriving at the amount for which recovery was had under the first count, the court, after having found the balance of the original contract price which remained unpaid, and that it would cost $89 to conform the work to the specifications in three minor details, deducted the latter sum from such balance, and rendered judgment for the amount thus determined. The propriety of the court's action in respect to these three minor deficiencies is conceded. It is urged that further deductions, amounting to $5,000, should have been made, and that in not making them the court ignored that factor in the rule formulated in *Jones & Hotchkiss Co.* v. *Davenport,* 74 Conn. 418, 420, 50 Atl. 1028, which requires that the reasonable value of the work and material furnished should be estimated with reference to the contract price, as well as to the resulting benefit to the defendant.

The situation out of which this claim arises is, briefly, as follows: At the time the contract was executed, the defendant agreed with the plaintiff on certain modifications and alterations in the plans and specifications which had been prepared by the defendant's architect and were embodied by reference in the contract. This agreement was made, as the plaintiff testified, in consideration of the plaintiff's reduction of his bid from $86,000 to $81,000 and his assumption of the contract at that figure. Subsequently the modifications and changes which were the subject of

this oral agreement were reaffirmed by the defendant, and carried out by the plaintiff upon the orders and with the approval and consent of both the defendant and his architect. At the time the written contract was executed and the oral agreement made, it was understood and agreed between the defendant and his architect on the one hand, and the plaintiff on the other, that these modifications and alterations were left to be worked out during the performance of the work. As the work progressed details and drawings were made and furnished to the plaintiff by the architect for some of the modifications an·. alterations thus agreed upon. All the others were ordered by the architect and the defendant. One of the modifications consisted of the substitution, for what is known as a Gustavino arch in the foyer, of other construction, which resulted in a saving of $3,000 to the plaintiff. Other modifications thus made resulted in a saving of $2,000. None of these changes were made upon the written order of either owner or architect. The contract provided that no alterations should be made in the work except upon written order of the architect or owner, the amount to be paid by the owner, or allowed by the contractor, by virtue of such alterations, to be stated in the order. The court finds that this provision in the contract was waived by the defendant. It also finds that there was no evidence to show that the building as constructed was of less value to the defendant by reason of any of the departures from the original plans and specifications which were within the terms of the oral agreement.

The evidence offered to establish the parol agreement was objected to by the defendant, upon the ground that its purpose and effect was to vary the written contract. The court ruled that the testimony was inadmissible for such a purpose, but admitted it as bearing upon what it was claimed subsequently took place between the parties with reference to its subject-matter. The questions in-

volved in this ruling, and in the action of the court in declining to reduce the amount of the plaintiff's recovery by reason of the changes with which the parol agreement was concerned, find their answer in the same legal principles, and may be considered together.

No principle of law is more firmly established than that whenever parties enter into an agreement and reduce it to writing, the writing must be held to merge the preceding negotiations, and be taken as the exclusive evidence of their final understanding, so that evidence of oral propositions or agreements anterior to or contemporaneous with its execution will not be received to modify or vary its terms. *Galpin* v. *Atwater*, 29 Conn. 93, 97; *Hildreth* v. *Hartford, M. & R. Tramway Co.*, 73 Conn. 631, 635, 48 Atl. 963. But the parties to a written contract, of the character of the one under review, are as free to alter it after it has been made as they were to make it, and all attempts on their part by its terms to tie up their freedom of dealing with each other will be futile. *West Haven Water Co.* v. *Redfield*, 58 Conn. 39, 41, 18 Atl. 978; *Bartlett* v. *Stanchfield*, 148 Mass. 394, 395, 19 N. E. 549. To this end oral agreements will be as effective as written ones. *West Haven Water Co.* v. *Redfield, supra.* And implied agreements satisfactorily established will have all the force of express ones. *Bartlett* v. *Stanchfield, supra;* Clark on Architect, Owner and Builder, 279.

The contract between these parties contemplated and provided for alterations in the work specified, but prescribed that none should be made except upon the written order of either the owner or architect, specifying the amount to be added or subtracted from the contract price by reason thereof. This limitation having been waived, any form of agreement respecting departures from the plans and specifications, including their effect upon the contract price, was open to the parties and would be binding upon them. One kind of construction or specification

could be substituted for another, and as a full equivalent as respects both the requirements of the structure and the amount to be paid for the completed building. The parties entered into an agreement authorizing the departures which are the subject of our present discussion, when the defendant, acting in accord with the prior ineffective oral agreement, reaffirmed them, and ordered them to be carried out, and the plaintiff assented and complied. They may not, at the time that the modifications were thus established, have stated in express terms that the contract price was to remain at $81,000, and thus have formulated, in words, what had been the substance of the original ineffective oral agreement in that particular, but in view of that agreement and the moral obligation which it imposed, and the conduct of the parties outlined in the finding, the court could scarcely have done otherwise than infer an implied agreement to that effect, and such as the finding purports. The court, therefore, did not err in giving effect to that agreement, and in receiving evidence of the original agreement for its bearing upon the creation of the later one.

It appeared in evidence that during the progress of the work upon the building in question, and at substantially one time, the defendant made three payments to the plaintiff, amounting to $11,000, of which sum only $4,319.68 was credited upon the plaintiff's account in suit. The defendant contends that the court erred in not finding that the balance was paid on account of the construction of the building, and in not crediting it to him thereon in the judgment rendered. This contention assumes two aspects, to wit: (1) that the finding, which fails to find that this entire sum of $11,000 was paid upon account of the work done upon this building, should be corrected so that it should state that fact; and (2) that in the absence of such correction the defendant should be given the benefit of the whole of said sum as a credit upon the account in suit,

upon the principle that the payment to the plaintiff by the defendant of that amount of money during the progress of the work having been established, the burden was upon the payee to show that any portion of it was properly applicable to another debt than the one in suit.

The claim for a correction of the finding rests solely upon a construction given to a single isolated statement of the plaintiff. In view of the other evidence in the case and the facts shown, it is apparent that the court was amply justified in not giving to this somewhat ambiguous statement either the interpretation or controlling importance thus sought to be attached to it, and in refusing to find that any part of the $11,000 aside from the $4,319.68, which appears upon the plaintiff's account, was paid on account of the contract in suit.

The defendant pleaded the payments claimed by him which were not admitted in the plaintiff's bill of particulars, as he was bound to do, and the burden of proving that he was entitled to credit upon the account in controversy for any of such additional payments was upon him. It was his duty to establish by satisfactory proof that he had paid money under such circumstances as entitled him to a credit therefor. All that the evidence showed was the barren fact of the transfer of money amounting to $11,000 from the defendant to the plaintiff while the building was in the course of construction. This was not enough. The circumstances might well be such that no importance could be attached to that fact standing alone, and that no reasonable inference or presumption could arise therefrom as to the applicability of the money which so passed. This is true in the present case. At the time when the three payments were made the plaintiff was engaged in other work for the defendant. Included in this work was the erection of a theater in Worcester. At that time not over $6,000 was due upon the New Haven building, the defendant had refused to accept the architect's certificate for that

sum which had been presented, and he made the payments in question without such certificate. Under such conditions the court properly held that the defendant had failed to sustain the burden upon him of proving uncredited payments which should have been applied in reduction of the plaintiff's claimed balance, upon the strength of no other evidence than that $11,000 had passed from the defendant to the plaintiff for some purpose or purposes unexplained.

The record discloses that the plaintiff upon his direct examination in rebuttal was asked by his counsel to explain his credit made from these payments, that defendant's counsel thereupon objected upon the ground that the witness had already covered that ground fully, that the court concurred in this statement of fact, and that thereupon counsel did not press the question. In fact he had not testified upon the subject further than, as the court finds, he swore to the correctness of his account as contained in his bill of particulars. The defendant excepts to that part of the finding which embodies the statement that the plaintiff verified by his oath upon the stand the credit side of the bill of particulars. It is not a matter of controlling importance whether he did or not. Even if it be true that, as a result of a misunderstanding on the part of counsel and court as to what the testimony had been, the plaintiff failed to present an explanation of his appropriation of the amount which came into his hands for some purpose, the court was nevertheless justified in holding that under the circumstances the defendant had not established that an uncredited payment, properly applicable to the debt in suit, had been made by him.

The plaintiff contracted to have the entire building ready and complete in all its parts for the opening performance on or before September 1st, 1905. It was not so ready and complete until about two and one half months later. The defendant complains of the court's refusal to award

him damages under his counterclaim by reason of this delay. The court finds that the defendant waived the provisions of the contract as to the time when the work covered by the same was to be completed. The defendant contends that while this waiver would estop the defendant from setting up the fact of delay as a defense to an action to recover the contract price, it did not deprive him of his right to recover his damages resulting from the delay. This claim, without examining it further, ignores the scope of the waiver as found. It is one which extends to all the provisions of the contract relating to the time of completion, and estops the defendant from taking advantage of them, or any of them, as long as the plaintiff's conduct in arriving at completion was reasonable under the circumstances, as this plaintiff's conduct is found to have been. The finding in this regard is that "the extra work ordered by the defendant and his architect and the alterations and modifications made from time to time by the defendant necessarily required a longer time to complete the said theater building than allowed by the contract; and the said theater building was completed by the plaintiff within a reasonable time after the defendant had finally decided upon the details of the various parts of said building."

Counsel for the defendant objected to the introduction in evidence of the final certificate of the architect stating that the plaintiff was entitled to the final payment of $20,592.35. The contract provided that payments should be made only upon certificates of the architect. It also provided that all work should be done under the latter's direction, and that his decision as to the true construction and meaning of the drawings and specifications should be final. The final certificate was therefore admissible to show that a condition in the contract precedent to a right to have payment, had been satisfied, to wit, the presentation of the architect's certificate, and that his approval

of the plaintiff's work, as being in conformity to the draw-ings and specifications according to their construction and meaning, had been given. It does not appear that the court admitted or used it for any other than its legitimate purpose.

Other questions presented by the reasons of appeal are either immaterial to our conclusions, or their considera-tion is involved in the discussion of the larger ones to which they are incident.

There is no error.

In this opinion the other judges concurred.