THE HOFFMAN WALL PAPER COMPANY, INCORPORATED, *vs.* CITY OF HARTFORD.

MALTBIE, C. J., HAINES, BANKS, AVERY and BROWN, Js.

Argued January 13th—decided March 15th, 1932.

*Roger Wolcott Davis,* for the appellant (defendant).

*Alexander W. Creedon,* for the appellee (plaintiff).

MALTBIE, C. J.   Abraham Hoffman owned a piece of land with buildings thereon on North Main Street

in the city of Hartford. In 1927 The Hoffman Wall Paper Company, Incorporated, hereinafter called the appellant, leased the property and thereafter conducted a store on the premises. The city took steps to widen North Main Street and established a new street line which cut through the main building upon the property, taking a portion of it about thirty feet in depth. Damages were appraised to Hoffman for this taking and also to the appellant as lessee. Before the work of widening the street was completed the city decided to establish a new street across the property of Hoffman, bringing all of it within the street lines. Damages were thereupon appraised to Hoffman but none to the appellant. Under the provisions of the charter of the city the appellant appealed to the judge of the Court of Common Pleas for Hartford County and the appeal was referred to a committee for a hearing. In his report the committee found that the appellant had suffered damages by the establishment of the new street and recommended a substantial award to it. The city remonstrated against the acceptance of the report largely upon the ground that the committee had failed to include certain facts it claimed were proven before him. The judge recommitted the report and the committee made a supplemental finding. The city again remonstrated. A demurrer was filed to this remonstrance and the judge sustained it. He thereafter gave judgment finding that the appellant was entitled to receive the damages recommended in the report and from that judgment the city has appealed.

No question is made as to the amount of the award to the appellant, if it was entitled to receive any damages. Whether it was or not cannot finally be determined upon the present record for reasons we shall later state. Certain claims of the city are, however,

fairly presented, and their determination will serve to narrow the issues. We shall therefore discuss them now. Previous to 1926 Hoffman had individually conducted the store. When the appellant was organized and took over the store, approximately ninety-five per cent of its stock was issued to and apparently is now owned by Hoffman. The remaining shares are owned by employees of the store. The corporation was organized on account of the illness of Hoffman. The committee expressly refuses to find that it was formed for the purpose of imposing upon the city or of setting up a legal fiction purely for the purpose of obtaining damages; and the city makes no attempt to have such findings added to the report. It does seek to have added the facts that the shares owned by the employees were issued upon an agreement that, before sale to anyone else or upon leaving the employment of the appellant, the holder would tender the stock to the corporation at its book value, and that Hoffman owned or controlled all the shares of the stock of the appellant. For the purpose of this discussion, we regard these facts as in the case. The city contends that, under these circumstances, the award of damages to Hoffman for the taking of the property should be held to constitute full damages because he and the corporation were legally identical. Undoubtedly there are instances in which a court will look through a corporation to the individuals who compose it. *Starr Burying Ground Asso.* v. *North Lane Cemetery Asso.*, 77 Conn. 83, 92, 58 Atl. 467. Professor Wormser likens these cases to those instances where courts disregard legal fictions because they are urged to an intent and purpose not within the reason of their existence. Wormser, The Disregard of the Corporate Fiction and Allied Corporate Problems, p. 9; see, also, 1 Fletcher, Cyclopedia of Corporations, p. 140. The

cases where this will be done are those in which the corporation is a mere sham or device to accomplish some ulterior purpose or is a mere instrumentality or agent of another corporation or individual owning all or most of its stock; *Chicago, M. & St. P. Ry. Co. v. Minneapolis Civic & Commerce Asso.*, 247 U. S. 490, 501, 38 Sup. Ct. 553; *In re Muncie Pulp Co.*, 139 Fed. 546, 548; *The Willem Van Driel, Sr.*, 252 Fed. 35, 37; *Procter & Gamble Co. v. Newton*, 289 Fed. 1013, 1016; *In re Rieger, Kapner & Altmark*, 157 Fed. 609, 613; *Brundred v. Rice*, 49 Ohio St. 640, 650, 32 N. E. 169; *Donovan v. Purtell*, 216 Ill. 629, 639, 75 N. E. 334; *Briggs & Co. v. Harper Clay Products Co.*, 150 Wash. 235, 239, 272 Pac. 962; *Higgins v. California Petroleum & Asphalt Co.*, 147 Cal. 363, 81 Pac. 1070; or where the purpose is to evade some statute or accomplish some fraud or illegal purpose; *Winestine v. Rose Cloak & Suit Co.*, 93 Conn. 633, 1107 Atl. 500; *United States v. Delaware, L. & W. R. Co.*, 238 U. S. 516, 529, 35 Sup. Ct. 873, 59 L. Ed. 1438; *United States v. Milwaukee Refrigerator Transit Co.*, 142 Fed. 247, 255; *First National Bank of Chicago v. Trebein Co.*, 59 Ohio St. 316, 52 N. E. 834; or in some other like situation. 1 Fletcher, Cyclopedia of Corporations, p. 143. Unless something of this nature is established, to refuse to recognize the corporate entity as such is, in the words of Chief Judge Cardozo, to "thwart the public policy of the State instead of defending and upholding it." *Berkey v. Third Avenue Ry. Co.*, 244 N. Y. 84, 95, 155 N. E. 58. The mere fact that the corporation is organized to take over the property and business of an individual, to whom is issued and who continues to hold and control substantially all its stock, is no sufficient basis for disregarding the corporate entity if the legal requirements of the statutes governing it are complied with. The limitation of

personal responsibility in the conduct of a business, freedom from the necessity of continuous personal control and responsibility, the desirability that the business may be carried on without interruption in case of illness or death, are all legitimate ends in harmony with the purposes for which corporations are permitted to be established; and so long as no circumstances such as those we have indicated are present, courts cannot look through the corporation to the stockholder. *Spencer* v. *Champion,* 9 Conn. 536, 544; *Majestic Co.* v. *Orpheum Circuit, Inc.,* 21 Fed. (2d) 720, 724; Wormser, Op. Cit., p. 81. In the instant case, even if we added to the finding the facts claimed by the city, no situation would be presented which would justify a ruling that the award to Hoffman must be regarded as including any damages to which the appellant was entitled as lessee.

The lease was entered into pursuant to a vote taken at a meeting of the directors of the appellant. The city asks to have added to the finding the fact that at that time Hoffman was president of the appellant and arranged all the terms of the lease for both parties to it. Granting that these additions should be made to the finding, the lease would not be invalid. It would not appear even then that Hoffman himself participated as a director of the corporation in the making of the contract; but whether he did or not, the lease would not be void, but only voidable at the instance of the parties concerned. *Massoth* v. *Central Bus Corporation,* 104 Conn. 683, 688, 134 Atl. 236. If all the parties concerned were content to accept it, the city could not treat it as void.

The lease contained a provision that, after default made in any of its covenants, the acceptance of rent and failure to re-enter by the lessor should not be held to be a waiver of the right to terminate the lease and

that the lessor might re-enter and take possession of the premises the same as if no rent had been accepted after the default. The city seeks to have added to the finding the fact that the appellant had on many occasions been as much as thirty days in default in its payment of rent and this, for our present discussion, we assume to be so. Hoffman had not, however, declared any default and the rent was accepted by him. The agreement was an unusual one, but we know of no reason why it was not valid. See *Miller* v. *Prescott,* 163 Mass. 12, 13, 39 N. E. 409. The effect of it would be that, after a default once occurred, the lease became, in the absence of an estoppel, one terminable at the will of Hoffman. So long as he did not exercise his option to terminate it, however, it would continue in effect. We cannot say, as a matter of law, that a leasehold destroyed in the making of a public improvement has no value which the owner is entitled to have appraised to him merely because it is terminable at the option of the landlord.

In the remonstrance to which the demurrer before us was addressed, certain findings of the committee were attacked as found without evidence and the city sought to have certain facts added. If it appeared to the judge from an examination of the evidence that any relevant or material facts were found without evidence or that any undisputed or admitted facts, which were relevant or material, were omitted from the report, it was his duty, the committee having failed to correct the report when recommitted to him, to himself correct it. Practice Book, p. 266, § 102. That the corrections sought presented questions of fact was not a sound ground of demurrer; finding a fact without evidence or failing to find an admitted or undisputed fact would be an error in law. *Dexter Yarn Co.* v. *American Fabrics Co.,* 102 Conn. 529, 543, 128 Atl. 527. In

so far as the corrections sought were clearly immaterial or irrelevant, the paragraphs of the remonstrance attacking them were subject to demurrer upon that ground. Such a ground of demurrer should, however, be sustained only in a clear case. *State* v. *Pisano,* 107 Conn. 630, 141 Atl. 660. The record before us illustrates the wisdom of this rule; had the judge found that the corrections were not justified upon the evidnce, or, had he made them, and then found that the grounds of remonstrance were not sound, the issues would be before us for final disposition. As the matter stands, among the corrections sought are some which would be clearly relevant and material. In particular is this true of an addition to the finding which was requested that, prior to the approval of the establishment of the new street, the appellant and Hoffman had agreed upon a cancellation of the lease and also of certain additional facts material to the question so raised. The case must be remanded that such claims as were made for material and relevant corrections may be passed upon. The demurrer was broad in its scope and the judge made a general ruling sustaining it. We do not therefore pass upon the separate issues presented, but find error in his action in sustaining the demurrer as a whole.

There is error, the judgment is set aside and the case remanded to be proceeded with according to law.

In this opinion the other judges concurred.