## WYNGATE, INC. *v.* BOZAK, INC.
### (3186)

DUPONT, C.P.J., CALLAHAN and CIOFFI, Js.

Argued February 21—decision released April 23, 1985

---

*John C. Yavis, Jr.,* with whom was *Michael A. Zizka,* for the appellant (plaintiff).

*Edward Morelli,* with whom, on the brief, was *Dwight O. Schweitzer,* for the appellee (defendant).

CIOFFI, J. The plaintiff landlord brought a summary process action seeking possession of the leased premises from the defendant commercial tenant for failure to pay insurance, taxes and rent in accordance with the terms of their lease. The trial court rendered judgment for the defendant and the plaintiff has appealed, claiming the trial court erred (1) in ruling that the defendant had properly tendered all of the payments due under the lease, (2) in holding that a tender of rent after the service of a notice to quit precluded termination of the lease, (3) in finding that the defendant had timely made all fixed rental payments and (4) in excluding testimony as to claimed admissions by the plaintiff of financial problems. One issue is dispositive of the case: whether the defendant had properly tendered the fixed monthly rental payments to the plaintiff.

The lease was for a five year term commencing on September 1, 1982, and ending on August 31, 1987. The lease provided that the defendant would pay a certain monthly fixed rent, real property taxes, insurance premiums, and interest on any fixed rent or other charge under the lease that was not paid on the date due. The fixed rent was to be paid on the first day of each month, but the lease provided a five day grace period. Other charges were to be paid upon the defendant's receipt of notice of such charges. The lease also provided that "(t)he landlord's failure to exercise any rights hereunder upon any default shall not be deemed a waiver or relinquishment of its right to do so with respect to such default or upon any subsequent default."

In this case, the defendant tenant was in default on August 7, 1983, and the second notice to quit to which the plaintiff's complaint refers was served on August 16, 1983. The record supports a finding that throughout the term of the lease up until August of 1983, it had become the custom and practice of the plaintiff to accept a late payment of rent from the defendant. Prior to August of 1983, the defendant had sent the fixed rent on the tenth of each month and the plaintiff had accepted each such late payment. On August 10, 1983, the day of the month on which it was customary for the defendant to send the rental payment, and prior to the tender of that month's payment, the defendant received a notice to quit stating that "any payments tendered after service of the notice to quit will be accepted for reimbursement of costs and attorney's fees and for use and occupancy only with full reservation of rights to continue with eviction actions."

Given the lease of the parties, the forbearance of the landlord in the past to insist on a prompt payment of rent did not equate to the relinquishment of its right in the future to require such timely tender. *S.H.V.C., Inc.* v. *Roy,* 188 Conn. 503, 508, 450 A.2d 351 (1982). The trial court therefore erred in determining that the defendant had properly tendered the rental payments to the plaintiff.

There is error, the judgment is set aside and the case is remanded with direction to render judgment granting immediate possession to the plaintiff.

In this opinion the other judges concurred.