[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
The plaintiff brought this action against the defendant claiming back rent and the defendant's pro-rata share of the property taxes and insurance for the property owned by the plaintiff and previously occupied by the defendant located at 104-105 Branford Road, North Branford, Connecticut. The plaintiff also claims attorney's fees and reasonable costs of collection. The defendant filed three special defenses. The first special defense claims the defendant fully paid any and all sums due the plaintiff. The second special defense claims the premises were unusable for the defendant's business operation. The third special defense claims the plaintiff is estopped from claiming the property taxes and insurance. The defendant also filed a counterclaim alleging that due to the plaintiff's actions the defendant lost various contracts and was forced to incur other costs related to the move of his business from 104-105 Branford Road, North Branford, Connecticut.
FACTS
The court finds the following facts:
The parties entered into a written lease for the use and occupancy of 4,000 sq. ft. of a building owned by the plaintiff and CT Page 11355 located at 104-105 Branford Road, North Branford. Exhibit "A". The term of the lease commenced on November 1, 1987 and terminated on November 1, 1989. The rent for the term of the lease was $36,000.00, payable in equal monthly installments of $1,500.00 per month. The thirty-first paragraph called for the defendant to ". . . be responsible for and pay for . . . (h)is proportionate share of insurance and real estate taxes on the subject property." The second paragraph of the lease-states that the demised premises would be used "as a warehouse for storage of paper rolls and hauling vehicles for same." The third paragraph of the written lease states that the defendant "agrees to pay . . . all attorney's fees and other expenses incurred by the" plaintiff. The defendant paid $1,500.00 to the plaintiff as a security deposit. The defendant took possession of the demised premises pursuant to the written lease. In April, 1989, the parties entered into an oral month-to-month tenancy for additional space at a rental of $450.00 per month. The defendant took possession of the additional space pursuant to the oral agreement. In January, 1990, the parties entered into an oral month-to-month tenancy for additional space at a rental of $2,250.00 per month. The defendant took possession of the additional space pursuant to the oral agreement. The use was agreed to be the same as under the written lease.
The written lease terminated on November 1, 1989. The defendant held over, pursuant to the twentieth paragraph of the lease, until March 27, 1991. The plaintiff elected, pursuant to said twentieth paragraph, "to construe such holding over as a tenancy from month to month, subject to all the terms and conditions of (the) lease." The two oral month-to-month tenancies terminated on March 27, 1991. All the tenancies terminated on March 27, 1991, which was the date when the plaintiff had the mobile office, which the defendant had used and left on the premises, removed from the premises.
The defendant paid the rent due under the written lease and the two oral month-to-month tenancies through September, 1990. The defendant never paid his proportionate share of the insurance and real estate taxes pursuant to the written lease, except for two $1,000.00 payments, one made in August, 1990 and the other made in September, 1990.
In August, 1990, the town of North Branford ordered the defendant to stop the repair of commercial vehicles outside the premises. On September 26, 1990 the town of North Branford issued the plaintiff a Cease and Desist order regarding the defendant's CT Page 11356 business. Exhibit "D". The order related to the defendant's "operating a freight and materials trucking business without a Special Use Permit." The order did not preclude the defendant from operating a "warehouse for storage of paper rolls and hauling vehicles for same."
DISCUSSION
 I
The plaintiff's first claim is for the back rent for the months of October, November, and December, 1990, and the months of January, February, and March, 1991. The parties agree the rent for these months should be calculated at the rate of $4,200.00 per month. The defendant's claim that the town of North Branford's Cease and Desist order rendered the premises unusable for the purposes which the parties had intended is without merit. The parties' intention as to the use of the premises, both pursuant to the written lease as well as the oral tenancies, is set out in the second paragraph of the lease. Richard Schultz, the Town Planner and Zoning Enforcement Officer for the town of North Branford, testified that the use found in the second paragraph of the lease was a permissible use under the Zoning Regulations of the town of North Branford and did not require a Special Permit. The Cease and Desist order related to activities that went beyond the scope of the permitted use found in the second paragraph of the lease.
The only other issue relating to the back rent claim is the date of the termination of all the tenancies. The court finds that all of the tenancies terminated on March 27, 1991. The defendant claims that the business was moved and the premises surrendered on December 31, 1990. However, the mobile office used by the defendant was not removed from the premises until March 27, 1991. Further, the defendant never notified the plaintiff, verbally or in writing, that he was surrendering the premises. The court finds that the defendant's conversation with the plaintiff's secretary and the defendant leaving the keys to the premises in the locks of the doors and in the mailbox are not sufficient notice of surrender of the premises. The defendant could have terminated the month-to-month tenancy at anytime by a "unilateral act". Hour Publishing Co. v. Gorez, 5 Conn. Cir. Ct. 419 (1968). However, the defendant's removal of some, but not all, of his property from the demised premises and his failure to properly notify the plaintiff of his surrender of the premises does not qualify as such a "unilateral act." CT Page 11357
Therefore, the plaintiff is awarded $25,200.00 on this first claim, which represents an award of $4,200.00 per month for the months of October, November and December, 1990 and the months of January, February and March, 1991.
 II
The plaintiff's second claim is for the defendant's pro-rata share of the real estate taxes and insurance for the demised premises. The defendant has raised a special defense of estoppel claiming the plaintiff should not be allowed to recover because the plaintiff never billed the defendant for these items until more than 2 1/2 years after the liability arose. The defendant also claims that in the event the court finds liability it should be limited only to the premises covered by the written lease.
The defendant's estoppel claim must fail because, pursuant to the thirty-first paragraph of the lease, the plaintiff was not obligated to bill the defendant for said charges. This fact distinguishes the present case from Roban Realty, Inc. v. Faile,13 Conn. App. 584, (1988), which was cited by the defendant. In Roban, the landlord was not due any amount for tax increases until the landlord had rendered a bill to the tenant. Id. The court also finds that the defendant waived any estoppel claim by making the two $1,000.00 payments made towards the real estate taxes and insurance.
The court further finds that the twentieth paragraph of the lease required the defendant to be responsible for the real estate taxes and insurance during the period the defendant held over subsequent to the termination of the written lease. Bushnell Plaza Development Corporation v. Fazzano, 38 Conn. Sup. 683, (1983).
However, the court finds that the defendant is only responsible for the real estate taxes and insurance on the premises occupied pursuant to the written lease and not the premises occupied pursuant to the oral month-to-month tenancies. The written lease was for more than one year and ". . . comes under the statute of frauds. Presumably a material alteration would be in writing." S.H.V.C., Inc. v. Roy, 188 Conn. 503, 506, (1982). Adding additional space to be covered by the written lease would be a "material alteration." The plaintiff's parol evidence that the written lease was orally amended to add additional space ". . . is admissible for limited purposes." Brushy Hill Associates v. CT Page 11358 Deruccio, CVNH-8807-2759 (New Haven Housing Session #456)(1989). The written lease is not ambiguous. The written lease is complete. The plaintiff has not alleged any mistake or fraud. Therefore, the plaintiff's parol evidence alleging an oral modification is not admissible. Id., citing Merritt-Chapman Scott Corporation v. Mauro, 171 Conn. 177, 193-95 (1976) (Cotter, J. dissenting); Jay Realty, Inc. v. Ahearn Development Corporation, 193 Conn. 52, 56
(1983).
The court concludes the terms of the written lease only apply to the premises described in said lease and not to the premises occupied pursuant to the oral month-to-month tenancies. The court awards the plaintiff $4,315.04 for the pro-rata share of the real estate taxes and $4,077.06 for the defendant's pro-rata share of the insurance less the $2,000.00 previously paid for a total of $6,392.10.
 III
The plaintiff's third claim is for attorney's fees and costs. The third paragraph of the lease allows for attorney's fees and costs. The award of any attorney's fees must go to the attorney's fees required under the written lease only, since attorney's fees can only be awarded with contractual or statutory authority. Buccino v. Cable Technology, Inc., 25 Conn. App. 676, (1991). The court deems $150.00 per hour to be a reasonable rate, not the $300.00 per hour requested by the plaintiff. The court will only award one-third of the thirty hours requested since the premises occupied pursuant to the written lease is approximately one-third of the total area occupied by the defendant. Therefore, the court awards the plaintiff $1,500.00 as reasonable attorney's fees plus costs to be determined after the plaintiff files a Bill of Costs. CT Page 11359
 IV
As to the defendant's Counterclaim, the court finds in favor of the plaintiff for the reasons stated in the first paragraph of section I above. The defendant was not forced to move because of any actions of the plaintiff, since the agreed use of the premises was allowable according to the testimony of Richard Schultz, the Town Planner and Zoning Enforcement Officer for the town of North Branford.
Conclusion
For the foregoing reasons, judgment may enter in favor of the plaintiff on the complaint as follows: $25,200.00 as back rent, $6,392.10 as real estate taxes and insurance, $1,500.00 as reasonable attorney's fees plus costs less a credit for the security deposit of $1,500.00. For a total judgment in favor of the plaintiff of $31,592.10 plus costs.
Mintz, J. CT Page 11360