[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action by the plaintiffs seeking damages from the defendant for the breach of a written lease between the named plaintiff and the defendant, entered into on August 10, 1989. The lease was amended on two occasions and assigned as security to the plaintiff, Liberty Bank. The defendant vacated the property in March 1995 with four months remaining on the lease term.
In its defense to the action, the defendant has pleaded special defenses basically alleging failure to mitigate damages, waiver, and estoppel. The gist of the latter two defenses is that the named plaintiff at a meeting between the parties on October 26, 1994, induced the defendant to vacate the premises in early March of 1995 in exchange for a termination of the lease at that time. Further, the defendant alleges that after the defendant vacated the premises the named plaintiff did not attempt to mitigate its damages.
The defendant's primary witness was its president, Brian Foley. Mr. Foley testified that he understood there was such an agreement but gave no evidence that the plaintiff's president, James Sutton, (or anyone else) made such an agreement. The court further notes that the defendant's counsel, Anthony Di Pentima, who was present at the meeting wrote to plaintiff's attorney, Barrett Krass on October 31, 1994 (5 days after the meeting), in which he requested that they "begin the buyout scenario of Mr. Foley's lease with a tentative departure date of March 1, 1995." (Ex. 17)S.H.V C. Inc. v. Roy, 188 Conn. 503, 510 (1982).
This confirms the testimony of Mr. Sutton that no agreement was reached at the October 26 meeting. It is the court's conclusion therefore, that the defendant has failed to prove the allegations of these special defenses.
As to the special defense of failure to mitigate, again the defendant has failed to carry its burden of proof. The overwhelming weight of the evidence was that the named CT Page 10119 plaintiff attempted to replace the defendant as a tenant from the time it first learned of the defendant's pending departure. In fact, the new tenant moved in within five months of the defendant's vacating the premises although it in fact was after the lease expired. This was through no fault of the plaintiff who attempted to achieve an earlier occupancy by the new tenant.
Lastly, the defendant has produced no evidence of its compliance with the Tenant Estoppel Certificate as part of its amended lease, dated January 15, 1991. (Ex. 18 Par. 7) The certificate requires the consent of Liberty Bank in writing prior to any termination. For this additional reason, the defendant cannot prevail here.
As to damages, the parties are not essentially in disagreement. The damages are specified in Exhibit 14 in the amount of $127,483.41 which includes a disallowed claim for interest in addition to late fees in the sum of $19,983.31 and $4,687.50
The court, however, awards to the plaintiffs statutory interest pursuant to General Statutes § 37-3a from March 1, 1995 through November 30, 1996 in the amount of ten percent per annum of $102,812.60 for 21 months totalling $17,997.20. (The plaintiffs have agreed not to seek both statutory and lease rate interest and late charges if statutory interest is awarded.
In addition thereto, the court awards $20,000 in attorneys fees (by agreement of the parties).
The plaintiffs therefore are awarded total damages in the sum of $140,804.80, plus costs.
Freed, J.