VIRGINIA MACCHI *v.* GLOW'S RESTAURANT, INC.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued October 13—decided November 15, 1949.

*Robert I. Ellis,* for the plaintiff in error.

*Francis P. Rohrmayer,* with whom, on the brief, were *Leon RisCassi* and *Harry G. Kaminsky,* for the defendant in error.

DICKENSON, J. The issue, raised by demurrer in the trial court, is whether a criminal conviction of officers of the defendant corporation is a criminal conviction of the corporation.

The plaintiff brought an action of summary process against the corporation to the City Court of Hartford under General Statutes, § 8281, which provides that when the lessee or tenant of any house, room or tenement shall be convicted of a violation therein of any law against gaming, the lease or contract for letting shall be void and the lessor may recover possession by summary process. The allegations of the complaint, perforce admitted by the demurrer, are: The defend-

ant corporation occupied a building of the plaintiff under a lease in which the defendant agreed to comply with the laws of the state; Edward Kozyra was the president of the corporation and Benjamin Kozyra the secretary; the corporation operated a restaurant and grill on the premises; the Kozyras were convicted of pool selling at the restaurant.

There is no allegation that the corporation was convicted of a violation of the gaming laws and none that its president and secretary were acting for it at the time the offense was committed. The claim of the plaintiff, as appears from the cases cited in her brief, is that the trial court could "pierce the corporate veil" and rule that the Kozyras and the corporation were one. *Hoffman Wall Paper Co.* v. *Hartford,* 114 Conn. 531, 534, 159 A. 346; *New Haven Metal & Heating Supply Co.* v. *Danaher,* 128 Conn. 213, 222, 21 A. 2d 383. No facts are alleged which make the principle of these cases applicable. The criminal prosecution was not on this basis. It was against the Kozyras, individually.

The trial court correctly sustained the demurrer.

There is no error.

In this opinion the other judges concurred.