LATIMER POINT MANAGEMENT CORPORATION ET AL.
*v.* ROBERT H. ANDERSON ET AL.
(2417)

TESTO, HULL and BORDEN, Js.

Argued November 30, 1983—decision released February 28, 1984

*Thomas B. Wilson,* for the appellants-appellees (plaintiffs).

*Stephen C. Barron,* with whom, on the brief, was *Karen M. Flanagan,* for the appellees-appellants (defendants Robert and Elizabeth Anderson).

BORDEN, J. The plaintiffs appeal[1] from a judgment of the trial court denying their application for a permanent injunction seeking to prohibit the defendants Robert H. and Elizabeth J. Anderson from occupying certain premises in the town of Stonington, and the Andersons cross appeal from the judgment of the trial court permanently enjoining them from constructing an addition to those premises until written approval has been obtained from the plaintiffs. We find no error.

The plaintiff, Latimer Point Company, Inc. (LPC), owns land in Stonington known as Latimer Point, which it leases to the plaintiff, Latimer Point Management Corporation (LPMC). LPMC, in turn, subleases lots to individuals who own cottages situated on the leased parcels. LPMC is a corporation comprised of all persons holding subleases at Latimer Point. The defendants Percy W. and Stasia K. Wilcox, owners of the premises situated on lot No. 10 at Latimer Point, attempted to sell their interest in Lot No. 10 and in the cottage on the lot to the Andersons by assigning the sublease and selling the cottage. The plaintiffs claimed that the assignment of the sublease was ineffective because the defendants executed the transfer documents without first receiving permission from LPMC

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

as required in the sublease. The sublease required both written approval of the assignment of the sublease and a waiver of the plaintiffs' right of first refusal to purchase the cottage. The sublease also required written consent of the plaintiffs before construction of any additions to the cottage.

The plaintiffs sued for a permanent[2] injunction prohibiting the Andersons from occupying the lot and for a judgment declaring the assignment from the Wilcoxes to the Andersons null and void. The Andersons[3] and Wilcoxes filed counterclaims against the plaintiffs seeking a judgment declaring the assignment valid; an order enjoining LPMC from denying them the opportunity to be heard upon their request for approval of construction; an order enjoining LPMC from refusing to entertain or consider their request; an order enjoining LPMC from withholding approval of their request; and money damages.

The trial court found that LPMC had waived any right to require written approval of the assignment. Accordingly, the trial court found the assignment valid, denied the plaintiffs' application for a permanent injunction and ordered LPMC to receive and consider the Andersons' construction plans in the same manner as it would those of any other member of LPMC. With respect to the plaintiffs' claim for a permanent injunction to restrain the Andersons from constructing an addition to the cottage, the trial court found that the Andersons had commenced the construction without the required written approval of LPMC but with knowl-

---

[2] A temporary injunction was granted by the court, which restrained the Andersons from any further construction work on the structure on the lot until final determination of the merits of the case.

[3] The Andersons also filed a cross complaint against the Wilcoxes which is not in issue on this appeal.

edge that such approval was required. The court therefore permanently enjoined further construction until written approval is received.

The plaintiffs appealed claiming that the trial court erred in concluding that LPMC had waived the requirement of written consent to the assignment of the sublease. The Andersons cross appealed claiming that the trial court erred in not ordering the plaintiffs to give written approval of their construction plans.

I

The plaintiffs argue in effect that there was insufficient evidence from which the court could conclude that LPMC waived the requirement of written consent to the assignment of the sublease. We disagree.

The trial court viewed the facts of the case, as do we, as involving the interchangeable concepts of implied waiver and estoppel. See *S.H.V.C., Inc.* v. *Roy,* 188 Conn. 503, 510, 450 A.2d 351 (1982); *Novella* v. *Hartford Accident & Indemnity Co.,* 163 Conn. 552, 563, 316 A.2d 394 (1972). The common principles underlying these two concepts require proof of misleading conduct by one party resulting in detrimental reliance by the other. *Remkiewicz* v. *Remkiewicz,* 180 Conn. 114, 119, 429 A.2d 833 (1980). The existence of an implied waiver or estoppel is a factual question; *New York Annual Conference* v. *Fisher,* 182 Conn. 272, 300, 438 A.2d 62 (1980); which we will not disturb unless it is clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

The trial court found that the Wilcoxes corresponded with both of the plaintiffs on May 11, 1981, requesting a waiver of the right of first refusal and requesting them to "permit the sale of the captioned property to the Andersons immediately"; that LPC replied by consenting to the sale and LPMC replied, on May 12,

1981, that it had voted not to exercise its right to purchase the property; that at that time the plaintiffs did not indicate that a surrender of the old sublease would be required and that a new sublease must be executed by the assignee of the sublease before written approval would be granted; and that although the transfer requirements were set forth in the sublease, nowhere was there a specific procedure established in those documents for obtaining appropriate approval of an assignment of the sublease. The court further found that the closing between the Wilcoxes and the Andersons was concluded on May 15, 1981; that the Andersons took immediate occupancy of the premises; that the officers or directors of LPMC were aware of the occupancy and took no immediate action concerning it; that it was not until the issue of approval of the Andersons' plans for constructing an addition to the cottage on the lot became controversial that LPMC began to demand the surrender of the old sublease and execution of a new one before they would consider the Andersons as members of the corporation and consider their application to construct an addition; and that the Andersons acted in reliance on the plaintiffs' conduct, took immediate possession and commenced making internal improvements to the premises. On the basis of these findings the trial court found that LPMC waived any right to require written approval of the assignment under the terms of the sublease. Thus, the trial court resolved this factual issue in favor of the defendants and adversely to the plaintiffs. This finding is supported by the evidence and is not clearly erroneous.

II

The Andersons raise three issues in their cross appeal. They maintain that LPMC is a quasi-municipal corporation and therefore it must follow certain stand-

ards. This claim was not made at trial and we decline to consider it. See *Mazur* v. *Blum,* 184 Conn. 116, 120, 441 A.2d 65 (1981).

Next they argue that LPMC made compliance with the provisions of the sublease as to construction impossible because they were never made members of the corporation. In view of the court's decision ordering LPMC to consider their plans in the same manner as it would consider such plans submitted by any other members, the doctrine of impossibility does not apply here.

Finally, they argue that LPMC's actions are arbitrary, capricious and in bad faith as to them, members of the corporation. There is no showing that LPMC's actions will be arbitrary, capricious or in bad faith. The court found the assignment valid and ordered that the Andersons be treated as any other member. Further, the sublease provides that approval will not be unreasonably withheld. The Andersons, therefore, may exercise all the rights for which they bargained under the sublease.

There is no error.

In this opinion the other judges concurred.