MICHAEL HUNT *v.* PAUL W. FRIEDMAN ET AL.
(4241)

DUPONT, C. J., BORDEN and DALY, Js.

Argued February 7—decision released April 8, 1986

*Ronald T. Murphy,* with whom, on the brief, was *Richard P. Weinstein,* for the appellants (defendants).

*Eliot B. Gersten,* for the appellee (plaintiff).

BORDEN, J. The defendants appeal from the judgment of the trial court rendered upon an attorney referee's report. The principal issue involves the propriety of the referee's finding that the defendants were estopped from denying liability under a real

estate listing agreement which did not comply with General Statutes § 20-325a. We find error.

The plaintiff sued the defendants for a real estate commission, claiming breach of an exclusive sales agreement which allegedly complied with General Statutes § 20-325a. That statute requires, inter alia, that a real estate listing agreement "be signed by the seller . . . . " General Statutes § 20-325a (b) (5). The case was referred to an attorney trial referee. See *Ruhl* v. *Fairfield*, 5 Conn. App. 104, 496 A.2d 994 (1985).

The referee found the following facts: The plaintiff is a licensed real estate broker and the defendants, Paul W. Friedman and Leslie A. Friedman, are a married couple who owned a residence in East Hampton. There was a written document, purporting to be signed by the defendants, which, if effective against them, obligated them to pay the plaintiff a commission on any sale of their house during the period set by the terms of the document. The house was sold within that period.

The referee specifically found that the plaintiff did not establish that the defendants signed the document. Therefore, one of the necessary conditions of General Statutes § 20-325a was not established. The referee also found, however, that the named defendant did sign a subsequent document which stated, in part: "I hereby terminate the listing contract for the sale of my house, 203 Clark Hill Rd., East Hampton, Connecticut." He found that this document indicated Friedman's acknowledgment that the purported listing agreement was in effect. On this basis alone, the referee concluded that both defendants were estopped by this second document from denying the validity of the first document, and that they were both liable to the plaintiff for the claimed commission.

The trial court overruled the defendants' objections to the referee's report and rendered judgment for the plaintiff. This appeal followed.

As to the defendant Leslie Friedman, there is no finding that she signed the second document purporting to "terminate" the first document. Whatever effect, if any, her husband's letter may have as to him, it cannot be attributed to her. *Bolmer* v. *Kocet,* 6 Conn. App. 595, 507 A.2d 129 (1986). There is no basis for a judgment against the defendant Leslie Friedman.

The judgment against Paul Friedman is, moreover, equally without foundation, but for a different reason. We need not decide in this case whether the doctrine of estoppel can operate to permit recovery on an agreement which does not comply with General Statutes § 20-325a. Even if we assume without deciding that the doctrine of estoppel can so operate, there is no finding in this record to support the application of that doctrine.

Estoppel "require[s] proof of misleading conduct by one party resulting in detrimental reliance by the other." *Latimer Point Management Corporation* v. *Anderson,* 1 Conn. App. 310, 313, 471 A.2d 670 (1984). Even if we consider the document signed by Paul Friedman as misleading to the plaintiff, there is no finding of detrimental reliance by the plaintiff resulting from that document. Indeed, it is difficult to conceive of what the plaintiff could have done in detrimental reliance on that document, which in effect told him to do nothing with respect to the defendants' property.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendants.

In this opinion the other judges concurred.