## THE WEST HAVEN WATER COMPANY vs. ROBERT REDFIELD AND OTHERS.

New Haven Co., June T., 1889. CARPENTER, PARDEE, LOOMIS, BEARDSLEY and TORRANCE, Js.

The language of a written contract, while it is in force, is the only legitimate evidence of what the parties intended and understood by it.

But a parol agreement changing the original contract, made after its execution, in cases where the statute of frauds does not require the agreement to be in writing, is valid, and the original contract as modified by the later parol agreement becomes the real contract between the parties.

[ Argued June 6th—decided October 14th, 1889.]

ACTION for damages for the breach of a contract to build a reservoir for the plaintiff company, the claim being that it was constructed in so negligent and unskillful a manner as not to be water-tight, as required by the contract; brought to the Superior Court in New Haven County. The facts were found by a committee, and after sundry proceedings which, in the view of the case taken by this court, become unimportant, the court (*Phelps, J.,*) rendered judgment for the defendants to recover a balance due on the contract.

The plaintiffs appealed. The case is sufficiently stated in the opinion.

*C. R. Ingersoll* and *C. K. Bush*, for the appellants.

*T. H. Russell*, for the appellees.

BEARDSLEY, J.    The several reasons of appeal in this case relate to the decision of the court upon questions of evidence arising under the third defense to the action, and the decision that the written contract be reformed as prayed for in that defense. We do not think that it is necessary to examine these questions, because we think that the court rendered the proper judgment in the case if we should assume, as we certainly do not, that it erred in the particulars specified in the reasons of appeal.

By the original contract between the parties the defendants agreed to build the reservoir provided for by it "in a thorough and workmanlike manner, and to make it tight and free from leaks." We do not assent to the claim of the defendants, that in view of the other provisions of the contract this language should be held applicable only to the walls of the reservoir, above the foundation, and not to the reservoir itself.

We think too that the committee to whom the case was referred properly excluded evidence, offered by the defendants, to prove that it was the understanding of the parties that the walls above the batter line only were to be made watertight. The language of the written contract, while it was in force, was the only legitimate evidence of what the parties intended and understood by it.

But the committee in his first report, made before the third defense was introduced, makes this finding:—

"Before the reservoir walls provided for in the contract were completed, the plaintiff entered into a parol contract with the defendants for them to fill up the bed-rock bottom inside the reservoir walls to a level with loam, and to cover this with a coating of cement, which coating was to come

up six inches above the line where the batter commences, and agreed to pay the defendants for the same the sum of $850. The defendants, at the time this parol contract was made, told Mr. Phipps that the bottom thus constructed would not be water-tight, but that when it became subjected to the pressure of water it would settle and crack. Mr. Phipps replied that he did not care; he could draw off the water and cement it again after it had settled. Both parties understood that this cement bottom thus constructed would not be water-tight, and there was no undertaking on the part of the defendants to make it so. The defendants completed the walls and bottom on May 22d, 1886."

Mr. Phipps drew the original contract, and signed it for the plaintiff company, and is found to have been its agent through whom it had all its dealings with the defendants.

He had therefore authority to enter into the parol agreement.

The effect of that agreement was to set aside the original contract so far as it was inconsistent with it.

In the case of *Goss* v. *Lord Nugent*, 5 Barn. & Adol., 58, Lord DENMAN, C. J., says:—" By the general rules of the common law, if there be a contract which has been reduced to writing, verbal evidence is not allowed to be given of what passed between the parties, either before the written instrument was made, or during the time that it was in a state of preparation, so as to add to or substract from, or in any manner to vary or qualify, the written contract; but after the agreement has been reduced to writing, it is competent for the parties, at any time before the breach of it, by a new contract not in writing, either altogether to waive, dissolve, or annul the former agreement, or in any manner to add to or substract from or vary or qualify the terms of it, and thus to make a new contract; which is to be proved partly by the written agreement, and partly by the subsequent verbal contract engrafted upon what will thus be left of the written agreement." There seems to be no conflict in the cases that this rule is applicable to all written agreements except such as are by the statute of frauds

required to be in writing. 2 Parsons on Contracts, 554; Chitty on Contracts, 108; *Hall* v. *Stewart*, 5 Day, 431.

The committee finds that the defendants made the walls above the batter line water-tight, and built them in all respects according to the original contract, except a slight variation in the slope which was assented to by both parties, but that the water leaks through the bottom. The original contract did not require the defendants to make the foundation walls water-tight, but only to build the reservoir in a thorough and workmanlike manner and to make it tight and free from leaks. It is not claimed that the defendants would not have fulfilled this part of the original contract if they had, in addition to the water-tight walls of the basin which they built, also made a permanent water-tight bottom. Whether there was any other particular mode of making it water-tight does not appear. The evident purpose of the parol. contract was to provide for a bottom which when completed should be water-tight. At the time when it was made the defendants told the plaintiff's agent that a bottom built in the way proposed would settle and crack, and he replied that he did not care—that he could draw off the water and cement it again after it had settled. It is immaterial why the plaintiff relieved the defendants from their liability to perform this part of the original contract. Perhaps it assented to the defendants' claim that the original contract did not require them to do this part of the work. Whatever might have been its reason for doing so, the plaintiff had a right to take the matter into its own hands, and employ the defendants or others to do the work in the manner directed by them.

There is no error in the judgment complained of.

In this opinion the other judges concurred.