[S. F. No. 11730. In Bank.—April 12, 1928.]

THOMAS A. CAVANAGH et al., Copartners, etc., Respondents, v. MARTHA Q. KEPLINGER et al., Appellants.

Knight, Boland & Christin and Knight, Boland, Hutchinson & Christin for Appellants.

J. E. McCurdy for Respondents.

PRESTON, J.—This is an action to enforce a mechanic's lien for a balance claimed for extras due upon the construction of a building.

The complaint alleges the furnishing of materials and the performance of labor in connection therewith under a contract for the construction by plaintiffs for defendants of a combined residence and garage. It also alleges the completion of the work, the filing of a notice of completion by one of the defendants and the filing thereafter of the claim of lien here sued upon.

The answer admits the filing of the notice of completion, the filing of a lien by plaintiffs and pleads a written contract asserted to be the full and sole measure of the rights of the parties. This written contract was what is known as a guaranteed maximum cost contract with commission attached for the contractor and provided that extras should be calculated upon a cost plus ten per cent basis, said extras to be furnished solely upon order of the architect.

But the evidence abundantly shows that, although the written contract was executed, the parties, in a very large

measure, disregarded its provisions, among other things dispensing with the architect therein provided for and dealing directly with each other throughout the building operations. Scarcely a provision of the contract was left in full operation. Plaintiffs claim 73 items of extras and a balance due therefor of $3,089.26. The court held with plaintiffs as to all of said items except 18, which were held to have been included in the original contract price, and accordingly made findings in favor of plaintiffs, fixing the amount due them at $1,878.44. Defendants have appealed.

The findings, except as to the amount claimed, are in the language of plaintiffs' complaint. The duty of defendants to pay for said extras, many of which were ordered in writing by them, and admitted to be such, seems too clear for controversy. (*Wyman* v. *Hooker*, 2 Cal. App. 36, 41 [83 Pac. 79] ; *Bavin & Burch Co.* v. *Bard*, 81 Cal. App. 722 [255 Pac. 200].)

Plaintiffs' testimony showed that these extras were charged for at cost or less. The issue that the original purchase price as named in the contract had not been properly earned was never made at any time by the defendants and is contrary to the stipulations made upon the trial and to the necessary inferences from all the testimony. In fact, written statements were rendered by plaintiffs to defendants claiming the whole of the purchase price to have been earned, to which statements there was no protest. This conclusion is also aided by the notice of completion according to the contract given by defendants themselves.

The whole matter may be summed up in the observation that admittedly many extras were ordered and installed and the written contract was thus modified by executed oral agreements. The entire issue tried and submitted was whether the items claimed as extras were in fact such and whether the charge for any such extras was the proper amount. The court allowed certain of these items and disallowed others.

No good purpose can be served by a prolonged discussion of the evidence. Considered in connection with their admissions, oral and written, the stipulation of counsel for defendants to the effect that the work was done, along with

statements of plaintiffs, gives ample support to the findings of the court.

No other questions raised require discussion.

Judgment affirmed.

Curtis, J., Waste, C. J., Richards, J., Seawell, J., Shenk, J., and Langdon, J., concurred.

Rehearing denied.

All the Justices concurred.