[Civil No. 2795.  Filed April 23, 1929.]

[276 Pac. 521.]

FRANCES B. SITKIN and FRANK L. SITKIN, Her Husband, Appellants, v. SAM A. SMITH and THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Appellees.

See Agency, 2 **C. J.**, sec. 727, p. 954, n. 83.
Appeal and Error, 4 **C. J.**, sec. 2564, p. 671, n. 95.
Building and Construction Contracts, 9 **C. J.**, sec. 185, p. 846, n. 69.
Evidence, 22 **C. J.**, sec. 1698, p. 1276, n. 1.
Trial, 38 **Cyc.**, p. 1406, n. 58, p. 1516, n. 57, p. 1518, n. 69.

Mr. Herman Lewkowitz and Mr. Joseph B. Zaversack, for Appellants.

Messrs. Cox, Moore & Janson, for Appellee Smith.

Messrs. Sloan, Holton, McKesson & Scott, for Appellee Corporation.

ROSS, J.—This action grows out of a building contract, dated October 19th, 1926, in which Sam A. Smith as contractor agreed to furnish all material and provide all work according to specifications and drawings, and to complete within ninety days from date of contract, under the direction and to the satisfaction of her architect, a brick residence for Frances

B. Sitkin, on lot 4, block 19, Story addition to the city of Phoenix, for $6,300. November 2d, 1927, Frances B. Sitkin, joined by her husband, Frank L. Sitkin, brought this action against Smith and his surety, the Employers' Liability Assurance Corporation, Limited, alleging that they had paid to the defendant Smith $1,600 cash, to mechanic lienholders who had filed on residence for labor and material, $5,523.04, and the sum of $61.40 costs, also, at defendants' request, $50.17 for hardware, or a total of $7,236.61; that while they took possession on April 2d, 1927, the building was not completed then or at all; that because of defective workmanship in the plastering of the living and dining room, it was necessary to repaint them at a cost of $135; that other undone work (enumerated) cost plaintiffs $112.50; that omitted work (enumerated) cost $164.50. Allowances for difference between the material used and that specified, and for labor, are claimed in the sum of $451.08, and damages for delay in completing building $150.

The prayer of the complaint was for judgment for the difference between the total of the above items, $8,249.69, and the contract price of $6,300, or $1,949.69.

The defendant Smith answered admitting the contract price was $6,300; that plaintiff had paid him and others for his account $7,060.50; but he alleges that under the directions of the plaintiffs he made changes and alterations in said building at an additional cost in labor and material (itemizing such costs) of $1,375.13, and asked for judgment on his counterclaim in the sum of $614.63.

The Employers' Liability Assurance Corporation, Limited, demurred and pleaded the general issue. Smith obtained a verdict against plaintiffs for $551.30 on his counterclaim, upon which judgment was entered. A separate judgment was entered in favor of the Employers' Liability Assurance Corporation,

Limited, for its costs. No appeal was perfected from the latter judgment, and we will not consider points raised or suggested as to the surety's liability under its bond.

No questions are involved as to the sufficiency of the pleadings. The plaintiffs do insist, however, that error was committed in permitting the defendant to introduce oral evidence of changes and alterations in the drawings and specifications, in the absence of a showing that such changes and alterations were ordered in writing by the architect or ordered and agreed to in writing by the owner before made. It is claimed that such evidence varied the terms of the written agreement as expressed in the contract and the drawings and specifications attached thereto. Article III of the building contract, so far as it directly affects the question, reads:

"No alterations shall be made in the work shown or described by the drawings and specifications except upon a written order of the Architects, and when so made, the value of the work added or omitted shall be computed by the Architects, and the amount so ascertained shall be added to or deducted from the contract price."

In the specifications among the general conditions is this one:

"The contractor shall not vary from the drawings and specifications. Should the owner at any time during the progress of the work request any alterations, or additions to or deviations or omissions from the work included in the specifications, such request shall be acceded to by the contractor and the same shall in no way affect or make void the contract. No such alterations, additions, deviations or omissions which affect the price or the time for completion as agreed upon shall be done, however, without a written order from the owner."

Provisions like the above in building contracts are very common. They are binding upon the parties,

neither of whom may show by parol testimony that the agreement, at the time of its execution or before, was otherwise than as therein expressed. But that does not prevent the parties from subsequently making another and different agreement, or from orally altering, changing or modifying the written contract when they mutually agree thereon.

As is said of a building contract in *O'Loughlin* v. *Poli*, 82 Conn. 427, 74 Atl. 763:

"No principle of law is more firmly established than that, whenever parties enter into an agreement and reduce it to writing, the writing must be held to merge the preceding negotiations, and be taken as the exclusive evidence of their final understanding, so that evidence of verbal propositions or agreements anterior to or contemporaneous with its execution will not be received to modify or vary its terms. *Galpin* v. *Atwater*, 29 Conn. 93, 97; *Hildreth* v. *Hartford, M. & R. Tramway Co.*, 73 Conn. 631, 635, 48 Atl. 963. But the parties to a written contract of the character of the one under review are as free to alter it after it has been made as they were to make it and all attempts on their part by its terms to tie up their freedom of dealing with each other will be futile. *West Haven Water Co.* v. *Redfield*, 58 Conn. 39, 41, 18 Atl. 978; *Bartlett* v. *Stanchfield*, 148 Mass. 394, 395, 2 L. R. A. 625, 19 N. E. 549. To this end parol agreements will be as effective as written ones. *West Haven Water Co.* v. *Redfield, supra.* And implied agreements satisfactorily established will have all the force of express ones. *Bartlett* v. *Stanchfield*, 148 Mass. 394, 2 L. R. A. 625, 19 N. E. 549; Clark's Architect, Owner and Builder, 279."

Plaintiff Frank L. Sitkin admitted while testifying that defendant Smith made several of the changes and alterations in question upon his oral order and request during the construction of the building. Under the terms of the contract, if plaintiffs intended to rely upon it as written they should have made their request or order for changes in writing, but, having

themselves disregarded the contract in that respect and secured the acquiescence therein of the contractor, they certainly consented to waive that condition. Evidence of subsequent agreements as to changes and alterations did not vary the terms of the written contract, but proved a modification thereof by mutual consent. The only objection to this kind of testimony was made upon the cross-examination of plaintiff Frank L. Sitkin. Defendant's evidence concerning the alterations and changes admitted by plaintiffs to have been made at their request, and to other changes and alterations, went in without any objection whatever.

For the reason that the foregoing assignment is not sustainable under the facts disclosed, plaintiffs' motion to strike the oral evidence of such changes and alterations was properly overruled.

It is next contended that the verdict is not supported by the evidence. In the examination of this very general assignment we are not aided by any specific reference to the page or folio of the transcript of the testimony showing any want of evidence to sustain the verdict. At most, the evidence appears to be in sharp conflict, and its weight and credibility were matters for the jury's decision.

Plaintiffs introduced in evidence "List of additional labor and material in erecting house . . . for Frances B. Sitkin and her husband, Dr. Frank L. Sitkin," showing twenty-six changes in the original drawings and specifications, with this statement at the end thereof: "I hereby certify that the above changes were made, and that said house is hereby accepted and approved by me, as architect. [Signed] Jake Knapp, Architect."

They alleged in their complaint that Knapp had been by them discharged at the time the above certificate was made. The evidence was that the certifi-

cate was made on March 7th. Plaintiff Frank L. Sitkin testified that on that day he discharged Knapp as architect. This was disputed by both Knapp and Smith. The court instructed the jury that if Knapp at the time of making it had been discharged. the certificate was not binding upon plaintiffs, but if the jury found that Knapp was at the time still in the employment of plaintiffs the certificate was conclusive that the building was complete and had been accepted by the owner. There is no criticism of this instruction. It was based on that provision of the contract to the effect that no certificate given or payment made, except the final certificate, should be conclusive evidence of the performance of the contract. Upon the assumption that Knapp was still the architect in charge of the building, this piece of evidence offered by plaintiffs is an admission by them of changes and alterations and also of the completion of the building. The jury may well have concluded from all the evidence that Knapp was the architect of plaintiffs at the time of the issuance of said certificate.

Finding no error, the judgment of the lower court is affirmed.

LOCKWOOD, C. J.; and McALISTER, J., concur.