689 P.2d 211

Gary **BREEDEN**, Plaintiff-Appellant,

v.

**M.F. EDMENSON, aka Bill Edmenson, aka William Edmenson and Rosamond Heuett, aka R.I. Heuett, aka Dusty Edmenson, husband and wife, or joint venturers, Defendants-Respondents.**

No. 14469.

Court of Appeals of Idaho.

Sept. 14, 1984.

Darrel W. Aherin of Aherin, Rice & Brown, Lewiston, for plaintiff-appellant.

Paul Thomas Clark of Clark, Feeney & Trout, Lewiston, for defendants-respondents.

## ON DENIAL OF PETITION
## FOR REHEARING

This opinion supersedes our prior opinion issued May 17, 1984 which is hereby withdrawn.

SWANSTROM, Judge.

Fire destroyed a log skidder that Gary Breeden had sold on a conditional sale note. He brought this suit to recover the balance due on the purchase price. R.I. Heuett, the buyer's successor-in-interest, filed a counterclaim for damages, alleging Breeden had breached an oral agreement to provide casualty insurance on the skidder. The magistrate awarded damages to Heuett on her counterclaim, reducing the award by the amount due on the conditional sale note. Breeden appealed to the district court where the decision of the magistrate was affirmed. Breeden then brought this appeal. We reverse and remand.

Breeden raises three issues on appeal. First, he argues there was insufficient, competent evidence for the magistrate to find that the conditional sale note had been orally modified to require him to carry insurance on the skidder. Second, he contends that even if there was an oral modification, the magistrate erred in determining the effect of that modification. Third, he argues that he should have been awarded a reasonable attorney fee for bringing his action to collect amounts due under the note.

In September 1976 Breeden sold a log skidder to M.F. Edmenson. A conditional sale note was executed which provided for a maturity date and monthly payments. The note also required Edmenson to keep the skidder insured against loss by fire, for the benefit of the vendor. Breeden cancelled his own insurance one week later when he believed that Edmenson had obtained the required insurance. However, when Breeden learned that Edmenson either was unable or unwilling to obtain insurance Breeden reinstated his coverage of the skidder under a blanket policy insuring several items of equipment. Here, the dispute arises. Edmenson testified that Breeden orally agreed to continue carrying the insurance on the skidder to protect both their interests and that Edmenson agreed to reimburse Breeden for the cost of the premiums. Breeden denied that he agreed to provide coverage for both. He contended he was merely exercising a right, given to him by the conditional sale note, to provide the *required* insurance of his interest and to be reimbursed for that cost. Whether the parties ever reached an agreement concerning the scope of insurance coverage was highly disputed at trial and the evidence furnished by either side was neither specific nor certain. It is undisputed that Breeden made at least two requests to Edmenson for reimbursement of the cost of the insurance in force and that Edmenson made no such payments.

Edmenson later assigned his interest in the skidder and delegated his duties under the note to Heuett in the spring of 1977. Breeden cancelled the insurance again in June 1978 when the amount owing on the skidder no longer justified the expense of insuring his interest. He gave no notice to either Edmenson or Heuett of this cancellation.

On September 19, 1978, the skidder was destroyed by fire. Heuett testified that a few days before the fire she had gone to the Breeden home and paid Mrs. Breeden $315.20 cash for two years' insurance premiums, but received no receipt. Heuett further testified that after learning the skidder had burned she went back to the Breeden home on September 20 to obtain a receipt so she would have a way to prove she had insurance coverage. Heuett admitted that she lied to get the receipt and that she did not tell Mrs. Breeden the skidder had burned. Heuett then learned the name of the company which insured the Breedens' equipment and which had, until recently, also insured the skidder. Heuett was given a receipt dated September 20, 1978 for $315.20. On the other hand, Mrs. Breeden testified that Heuett paid the money and was given the receipt the same day, September 20. She testified that she obtained the premium amount and the name

and address of the insurance agent from the policy itself, which information she then wrote on the receipt for Heuett. The evidence indicates that neither Heuett nor Mrs. Breeden were then aware that coverage of the skidder had been deleted by a separate document at Gary Breeden's request in June 1978.

Breeden filed suit in January 1979 to recover the balance due on the note. Heuett counterclaimed for the insurance proceeds she allegedly would have received had Breeden not cancelled his insurance. She argued that after Breeden and Edmenson had signed the conditional sale note Breeden orally agreed to carry insurance for the benefit of *both* the vendor and vendee. Breeden filed a motion in limine seeking to exclude all evidence relating to a possible oral modification of the conditional sale note. He argued that such evidence would violate the statute of frauds. The magistrate declined to rule on the motion, holding that it was premature, and he said he would handle the problem "during the course of the trial by objections from time to time which can be ruled on."

At trial Breeden's counsel consistently objected to testimony concerning the oral modification. He stated at one point:

> If the court please, I'm going to object again on the basis of Idaho Code 28-2-209, Section 3, and it states that the requirements of the statute of fraud[s] section of this chapter must be satisfied if the contract is modified within its provisions. What he ... is attempting to testify to places what ... he said ... squarely in the statute of frauds and it must be in writing.

He again objected, in his closing argument, to consideration of any testimony concerning the oral modification.

The magistrate found against Breeden on his claim and entered judgment in favor of Heuett on her counterclaim. Nevertheless, he reduced Heuett's award by the amount outstanding on the conditional sale note. Breeden appealed to the district court, again arguing that the statute of frauds did not permit enforcement of an oral modification of a written contract. He further argued that the magistrate erred in not awarding him a reasonable attorney fee as provided for in the note. The district court affirmed the magistrate's decision in all respects and Breeden brought this appeal.

Breeden's second issue involves a contention that the judgment entered by the magistrate must be reversed because his conclusions of law do not follow from his findings of fact. We will discuss this issue first because we believe it to be dispositive. The magistrate's findings, relevant to our discussion, are:

> V. That the parties agreed that the defendant's method of complying with the insurance provisions of the Conditional Sales Note was by allowing defendants to repay plaintiff for the costs of plaintiff's furnishing of said insurance.
> . . . .
> VIII. Defendant agreed to reimburse plaintiff for premiums paid on said insurance policy, and defendant, R.I. Heuett, did in fact reimburse plaintiff for said premiums. Any loss to plaintiff was caused by plaintiff's cancellation of said policy as aforesaid.
> . . . .
> X. Plaintiff by cancelling the insurance became the insurer and breached his contract with defendants to provide said insurance coverage. Plaintiff should pay to the defendant, R.I. Heuett, the sum of $15,000 less the balance due on the Conditional Sales Note of $1,666.64. Plaintiff may keep the insurance premium paid by defendant, R.I. Heuett, since the facts show that it was an agreed debt owed by defendant, R.I. Heuett, to plaintiff.

As noted earlier, the conditional sale note merely required Edmenson

> to keep the [skidder] insured for the benefit of the vendor against fire ... and in the event of his failure so to do, vendee agrees to reimburse vendor immediately and as a part of the purchase price for any money paid or costs expended (but such payments or expenditures shall be

at vendor's option) to protect his title or said property on account of such default. Paragraph X contains both findings of fact and conclusions of law. The magistrate concluded that Breeden "by cancelling the insurance [the second time] became the insurer and breached his contract with [Edmenson and Heuett] to provide said insurance coverage." For these reasons he held that Breeden should pay Heuett the sum of $15,000, the amount she sought on her counterclaim, less the balance due on the conditional sale note of $1,666.64. The conclusions of the magistrate do not, however, follow from the findings he made. Finding V simply says "that the parties agreed the defendants' method *of complying with* the insurance provisions of the Conditional Sales Note was by allowing defendants to repay plaintiff for the costs of plaintiff's furnishing of said insurance." (Emphasis added.) The magistrate made no other findings that there was any modification of the written provision of the conditional sale note requiring the vendee "to keep the [skidder] insured *for the benefit of the vendor* against fire." (Emphasis added.)

Thus, the record does not show that the magistrate made a finding that Breeden, by an oral agreement, had undertaken a duty to insure the vendee's interest in the skidder. The magistrate's findings merely show that there was an agreement that the vendee would comply with the requirement to "furnish" insurance for the vendor's interest by reimbursing Breeden for his cost of that insurance. The findings make no mention of a modification of the conditional sale note by a subsequent oral agreement between Breeden and Edmenson.

We think it is clear from the record that the magistrate did not find an oral modification of the conditional sale note. To make such a finding would require him to first conclude that oral modification is permissible—in the face of repeated arguments by Breeden's counsel that there *could* be no oral modification of the parties' written agreement because of the statute of frauds. The magistrate did not discuss or mention this argument. Assuming he overcame that hurdle, the magistrate would have had to find that an oral modification of a written agreement was proven by "clear and convincing evidence." *Scott v. Castle*, 104 Idaho 719, 724, 662 P.2d 1163, 1168 (Ct.App.1983). There is no indication in the record that he applied this standard of proof.

Here, at the time of sale, the vendor (Breeden) had a policy of insurance that was written to cover only his interest. He cancelled this coverage a week after the sale because he believed that Edmenson had complied with the insurance requirements as set out in the note. When Breeden learned that Edmenson was unable to or did not get the required insurance, Breeden reinstated his former coverage on the skidder, which he had the "option" to do under the conditional sale note. There was no evidence to show that the insurance company was ever requested to also insure the *vendee's* interest in the equipment. The parol evidence offered by Edmenson and Heuett concerning an oral agreement that Breeden would provide insurance coverage for the benefit of the vendees, as well as for his own benefit, was adamantly disputed by Breeden. There was considerable evidence to support Breeden's view of the facts. As an appellate court, we are in no position to say that an oral modification has been shown by "clear and convincing evidence." *See Jensen v. Bledsoe*, 100 Idaho 84, 593 P.2d 988 (1979). Therefore, we will not presume that the trial court would have made such findings in order to support the conclusion he reached.

■ From statements the magistrate made during the trial, it is clear he held that the parties merely devised a "method of complying with that term of the contract" requiring vendee to "furnish" insurance. However, the purported oral agreement did more than that. It gave the vendor certain duties that the written agreement did not. Under the written agreement Edmenson bore the risk of loss from the time of purchase. Because Edmenson bore the risk of loss, it follows that he would have the duty to furnish insurance

for his own interest—if he desired to keep that interest insured. According to the respondents, they were relieved of any duty to insure the vendee's interest in the skidder because Breeden had orally agreed that he *would* keep Edmenson's interest insured. Moreover, according to the respondents, where the written contract had required Edmenson "to keep the [skidder] insured for the benefit of" Breeden, the oral agreement relieved Edmenson of that duty also, and shifted to Breeden the duty *to keep the skidder insured.* Edmenson was left only with the duty "to reimburse vendor immediately." However, we hold that the shifting to Breeden of the duties to keep the skidder insured and to insure Edmenson's interest as well cannot be accomplished without a "modification" of the written agreement.

"Modification" is defined in BLACK'S LAW DICTIONARY 905 (rev. 5th ed. 1979) to mean "[a] change; an alteration or amendment which introduces new elements into the details, or cancels some of them, but leaves the general purpose and effect of the subject-matter intact." In comparing "modification" of a contract to a "waiver" of some contractual term, another authority has said: "Modification is the changing of the terms of the agreement which may diminish or increase the duty of either party as distinguished from the mere surrender of a right by one person against another." 2 R. ANDERSON, ANDERSON ON THE UNIFORM COMMERCIAL CODE § 2–209:7 at 319 (3d ed. 1982). The Idaho Supreme Court's view of a modification is consistent with these definitions. In *Harrington v. McCarthy,* 91 Idaho 307, 310, 420 P.2d 790, 793 (1966), the court said:

> This state, moreover, has long adhered to the rule that the parties to an unperformed written contract may, by mutual consent, modify it by *altering, excising or adding* provisions, and that such modifications may be by parol agreement or inferred from the conduct of the parties .... [Citations omitted; emphasis added.]

A modification of a sales contract for the purchase of goods under the Uniform Commercial Code needs no consideration to be binding. I.C. § 28–2–209(1). However, we cannot affirm upon the theory that there was an oral modification because the magistrate did not find one. Nor can we say the magistrate implicitly found an oral modification, because there was evidence to the contrary and any such finding required "clear and convincing evidence."

■ On petition for rehearing Heuett argues that we should uphold the judgment entered by the magistrate on the theory that he implicitly found Breeden and Edmenson had entered into a "new [oral] contract with separate, distinct subject matter—the protection of the vendee's interest." Heuett cites *Brewer v. Pitkin,* 99 Idaho 114, 577 P.2d 1162 (1978), in support of this argument. Even had we accepted that theory, we note that any such new agreement would have to be supported by some consideration paid or exchanged. That has not been shown by the record here. The mere promise to pay insurance premiums, or the payment of the premiums themselves, could not constitute new or additional consideration, because the conditional sale note already placed the duty to pay for insurance upon the vendee.

We conclude, therefore, that the judgment entered by the magistrate was improper. Accordingly, we must reverse the order of the district court which affirmed the judgment and remand the case. Ordinarily, the district judge would be instructed to remand the case to the trial judge for further proceedings. In this instance, the district court's options may be affected by the retirement of the magistrate who tried this case. The case may have to be retained in the district court, or assigned to another magistrate for a trial de novo. Before this step is taken, however, one additional issue must be addressed.

■ Breeden has contended throughout this case that the sale of the skidder was one governed by the provisions of chapter 2 of our Uniform Commercial Code, I.C. §§ 28–2–101 to –2–725. Specifically, he has

contended that § 28–2–209 requires that any modification of the parties' written agreement be in writing. This is the core of the first issue raised by Breeden in this appeal. As earlier noted the magistrate did not rule on this issue. The district court, acting as an appellate court, merely held that the magistrate "did not err in failing to find that the sale was governed by [chapter 2]." We hold, on the contrary, that the sale of the skidder was a sale of "goods" within the meaning of I.C. § 28–2–105, which is governed by chapter 2.

Subsection (3) of I.C. § 28–2–209 provides: "The requirements of the statute of frauds section of this chapter (section 28–2–201) must be satisfied if the contract as modified is within its provisions." We will not, in this opinion, decide how that section applies to the facts of this case. It was not addressed by the court below. Because of the way the issue was presented to us, both sides have not had the same opportunity to brief and argue the issue to us. For these reasons, we will allow the parties to present the issue to the trial court hearing this case on remand. It is a critical issue which may be dispositive. It should be decided before any retrial is held.

Finally, Breeden contends he was entitled to an award of attorney fees at trial because he prevailed in collecting the balance due on the conditional sale note. We do not reach that issue because of the need to remand. When the other issues are decided below, the court can determine entitlement to attorney fees under the provisions of the note. Should Breeden ultimately prevail in the action, the district court, in fixing the award, should of course consider the fees incurred in bringing this appeal. *Paloukos v. Intermountain Chevrolet Company,* 99 Idaho 740, 588 P.2d 939 (1978).

Costs to appellant, Breeden.

WALTERS, C.J., concurs.

BURNETT, Judge, specially concurring.

I agree with the ultimate conclusion that the judgment must be vacated and the case remanded. Rather than joining in the court's entire opinion, I reach this result upon the narrow ground that the magistrate failed, in his findings of fact and conclusions of law, to distinguish clearly between insuring the vendor's interest and insuring the vendee's interest. This distinction is crucial to understanding the issues in the case. The magistrate's failure to articulate and to apply this distinction has produced ambiguity in his findings of fact concerning "insurance" and it has obscured the legal reasoning by which he determined the parties' respective duties to procure such "insurance." Where a trial judge neither makes satisfactory findings on contested issues of fact nor enunciates the legal standard governing his decision, the proper appellate response is simply to vacate the judgment and to remand the case. *See, e. g., Lynch v. Lynch,* 106 Idaho 842, 683 P.2d 878 (1984).