923 P.2d 486

**Arthur T. JONES, Jr., Plaintiff–Appellant,**

v.

**MICRON TECHNOLOGY, INC., and Micron Systems Integration, Inc., Defendants–Respondents.**

No. 21855.

Court of Appeals of Idaho.

June 28, 1996.

Rehearing Denied Aug. 5, 1996.

Jim Jones & Associates, Boise, for appellant. Jim Jones argued.

Cosho, Humphrey, Greener & Welsh, Boise, for respondents. Richard H. Greener argued.

1. The record is unclear as to whether Jones was employed by Micron Systems Integration, Inc. or

LANSING, Judge.

This is an appeal from the district court's order granting summary judgment in favor of defendants-respondents Micron Technology, Inc. and Micron Systems Integration, Inc. (hereinafter collectively referred to as "Micron") and against plaintiff-appellant Arthur T. Jones, Jr., in an action alleging wrongful termination of Jones's employment and breach of the implied covenant of good faith and fair dealing. Concluding that no genuine issue of material fact exists as to either cause of action, we affirm the grant of summary judgment.

## I.

### FACTS

In May 1990, Jones sought employment with Micron as an automation engineer. He filled out and signed an application for employment which stated that employment with Micron could be terminated at any time without cause. Micron[1] made an offer of employment to Jones, which he accepted. On his first day of work in June 1990, Jones received an employee handbook (the 1990 handbook). Under a section entitled "General Rules of Conduct" were listed nine "rule violations which could result in immediate termination" and twelve "rule violations which could result in disciplinary action and/or termination." The handbook did not state that these enumerated rule violations were the *only* causes for which discharge was possible, but Jones asserts that it reasonably could have been so understood by employees and was so understood by him. In 1992, Micron issued a second employee handbook (the 1992 handbook) which, unlike the 1990 handbook, expressly stated that the handbook was not a contract and that employment with Micron was at will.

In November 1993, Jones had an argument with his supervisor and was discharged. Micron's discharge form listed the reasons for dismissal as "lack of commitment to company goals" and "personality clashes interrupting workload." Thereafter, Jones filed a two-count complaint against Micron. In Count

by Micron Technology, Inc. The distinction is not of import in this appeal.

One Jones alleged breach of his employment contract. Specifically, he asserted that the 1990 handbook impliedly provided terms of his employment contract, that the handbook established the exclusive grounds for which he could be terminated, and that the reasons for his dismissal did not fall within those grounds. Jones also alleged that Micron had adopted certain procedures to be followed in terminating an employee for cause, that Micron was contractually obligated to follow these procedures, and that Micron had not done so in discharging Jones. In Count Two, Jones alleged that Micron breached the implied covenant of good faith and fair dealing by stating false reasons for his termination.

The district court rendered summary judgment in favor of Micron on both counts in the complaint, and Jones appeals.

## II.

## ANALYSIS

### A. Summary Judgment Standard of Review

■ Summary judgment must be granted "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c). On an appeal from a summary judgment our standard of review is well settled:

> When faced with an appeal from a summary judgment, this Court employs the standard of review properly applied by the trial court when originally ruling on the motion. *East Lizard Butte Water Corp. v. Howell,* 122 Idaho 679, 681, 837 P.2d 805, 807 (1992); *Washington Fed. Sav. & Loan Ass'n v. Lash,* 121 Idaho 128, 130, 823 P.2d 162, 164 (1992). In order to determine whether judgment should be entered as a matter of law, the trial court must review the pleadings, depositions, affidavits, and admissions on file. I.R.C.P. 56(c). On review, as when the judgment is initially considered by the trial court, this Court liberally construes the record in the light most favorable to the party opposing the motion, drawing all reasonable inferences

and conclusions in that party's favor. *Tolmie Farms v. J.R. Simplot Co.,* 124 Idaho 607, 609, 862 P.2d 299, 301 (1993); *Doe v. Durtschi,* 110 Idaho 466, 469, 716 P.2d 1238, 1241 (1986). If reasonable people could reach different conclusions or draw conflicting inferences from the evidence, the motion must be denied. *Durtschi,* 110 Idaho at 470, 716 P.2d at 1242.

*Featherston v. Allstate Insurance Co.,* 125 Idaho 840, 842, 875 P.2d 937, 939 (1994).

### B. Implied–in–Fact Contract Terms

■ Under Idaho law, employment contracts are terminable at the will of either party unless an express or implied contract limits that right of termination. As explained in *Mitchell v. Zilog, Inc.,* 125 Idaho 709, 874 P.2d 520 (1994):

> It is settled law in Idaho that, unless an employee is hired pursuant to a contract which specifies the duration of the employment or limits the reasons for which an employee may be discharged, the employment is at the will of either party. Either party may terminate the relationship at any time for any reason without incurring liability. *Metcalf v. Intermountain Gas Co.,* 116 Idaho 622, 624, 778 P.2d 744, 746 (1989).
>
> ....
>
> A limitation on the at-will relationship may be express or implied. A limitation will be implied when, from all the circumstances surrounding the relationship, a reasonable person could conclude that both parties intended that either party's right to terminate the relationship was limited by the implied in fact agreement. *Metcalf,* 116 Idaho at 624, 778 P.2d at 746.

In particular, the presumption of an at-will employment relationship can be rebutted when the parties intend that an employee handbook or manual will constitute an element of an employment contract. Whether a particular handbook does so may be a question of fact, unless the handbook "specifically negates any intention on the part of the employer to have it become

a part of the employment contract." *Metcalf,* 116 Idaho at 625, 778 P.2d at 747. *Id.* at 712–13, 874 P.2d at 523–24 (footnote omitted); *see also Thompson v. City of Idaho Falls,* 126 Idaho 587, 590–92, 887 P.2d 1094, 1097–99 (Ct.App.1994).

■ Jones claims that terms of the 1990 employee handbook were impliedly incorporated into his employment contract and that he understood that he could be fired only for the causes included in the handbook's list of the grounds for termination. He asserts that Micron therefore breached the contract of employment when it dismissed him for reasons other than those grounds specified in the 1990 handbook. Jones argues that there exist issues of fact which cannot be resolved on summary judgment regarding whether the 1990 handbook created such an implied-in-fact covenant restricting Micron's right to discharge Jones.

The district court held that Micron's 1992 handbook superseded the 1990 handbook, that the 1992 handbook clearly stated that employment was at-will and employees could be terminated at any time without cause, and that Jones could not therefore rely on provisions of the 1990 handbook. On appeal, Jones asserts that the 1992 handbook could not supersede the 1990 handbook, as held by the district court, because the 1992 handbook's revision of the alleged contractual terms was not supported by consideration. We find it unnecessary, however, to determine whether the later handbook modified implied contract terms allegedly supplied by the 1990 handbook, for uncontroverted evidence establishes that the right of termination at-will by either party was an *express* term of Jones's employment contract that was not affected by the 1990 handbook.

As noted above, when Jones applied for the position of automation engineer with Micron, he filled out and submitted an employment application. The application contained the following provision:

Applicant's Covenant:

. . . .

I understand and agree that, if hired, my employment will be for no definite period,

and it can be terminated with or without cause, and with or without notice, at any time at the option of either Micron or myself.

Thus, Jones expressly agreed that he would be an at-will employee. Plainly, this "Applicant's Covenant" in the employment application is part of Jones's employment agreement. The label "covenant" by itself indicates a contractual term. In the covenant, Jones "agrees" to the stated terms. Moreover, the form called for the applicant to sign immediately below the covenant, and for the signature to be witnessed by a notary public. These features indicate the contractual significance of this portion of the application form. Reasonable minds could only conclude that the covenant was a term of Jones's employment contract, making the employment at-will.

■ We acknowledge that express terms of written contracts may be later modified by terms implied in fact through the conduct of the parties. *See Harrington v. McCarthy,* 91 Idaho 307, 310, 420 P.2d 790, 793 (1966). Here, however, Jones does not contend that conduct after the start of his employment indicates an intent of the parties to abandon the initial express covenant that his employment could be terminated without cause. Rather, Jones asserts that from the inception of the employment agreement, the express employment-at-will covenant was overridden by a contradictory implied-in-fact covenant.

This argument cannot be sustained. "[P]romises should not be found by process of implication if they would be inconsistent with express provisions that there is no reason to set aside or to hold inoperative.... An implication that would otherwise be reasonable should not be made when the contrary is indicated in clear and express words." 3 Arthur Linton Corbin, CORBIN ON CONTRACTS § 564, at 297–98 (1960). *See also Radwan v. Beecham Laboratories, a Division of Beecham, Inc.,* 850 F.2d 147 (3d Cir.1988) (where employment application stated that employee could be terminated at any time without notice, plaintiff could not reasonably expect that terms of employee manual pertaining to dismissal for cause granted him the right to be discharged only

for cause); *Gianaculas v. Trans World Airlines, Inc.,* 761 F.2d 1391 (9th Cir.1985) (provision in employment application that employment may be terminated at any time without notice or liability precluded claim that policy manual manifested intent to restrict employer's right to discharge); *Suter v. Harsco Corp.,* 184 W.Va. 734, 403 S.E.2d 751 (1991) (any implied promise that might be inferred from policy manual did not modify employment-at-will relationship where employment application stated that employment could be terminated at any time without notice); *Clutts v. Southern Methodist University,* 626 S.W.2d 334 (Tex.Ct.App.1982) (because professor's contract expressly stated that position was without tenure, it would be unreasonable to imply a tenured position from university's by-laws.)

In *Mitchell,* 125 Idaho at 712–13, 874 P.2d at 523–24, the Idaho Supreme Court held that an employer may prevent an implication that an employee handbook creates contractual terms by including in the handbook a statement disclaiming such intent. If a disclaimer printed in the employee handbook will be effective to negate an implication that the employment is terminable only for causes stated in the handbook, it follows that such implication may also be avoided by requiring execution of an express covenant that the employment is at will. Because Micron expressly required and Jones expressly accepted a covenant that the employment would be terminable without cause, Jones could not reasonably have inferred a simultaneous contrary intention from the 1990 handbook. Summary judgment on this component of Jones's claim was therefore correct.

 Jones next argues that his termination was wrongful because Micron did not follow termination procedures set out in a document which, according to Jones, expresses policies and disciplinary procedures adopted by Micron. Jones refers to this document as a "supervisor's reference guide," and he asserts that it impliedly modifies his employment contract.

Micron responds that the writing upon which Jones relies is not part of a statement of policies adopted by Micron nor a document generally distributed to Micron employees, but is instead a portion of instructional materials used in a management class. Micron filed an affidavit of the president of Micron Systems Integration, Inc., stating that the writing "is an excerpt from course materials pertaining to a management class taught at Micron. These are instructional aids only for educational purposes." Jones presented no evidence to the district court to controvert this assertion of fact by Micron.[2]

 When the party moving for summary judgment demonstrates that an element of the non-movant's case is factually unsupported, the non-moving party must establish the existence of a factual issue regarding that element. *See Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Farm Credit Bank of Spokane v. Stevenson,* 125 Idaho 270, 272–73, 869 P.2d 1365, 1367–68 (1994); *Badell v. Beeks,* 115 Idaho 101, 765 P.2d 126 (1988). Here, Micron's evidence showed that the document upon which Jones based his claim was not a statement of Micron's discipline and termination procedures. Jones did not rebut this evidence. Therefore, Micron was entitled to summary judgment on Jones's claim that termination procedures adopted by Micron were implied elements of his employment contract and were breached by the company.

### C. Implied Covenant of Good Faith and Fair Dealing

 Jones's second cause of action was for breach of the implied covenant of good faith and fair dealing. Jones asserts that this implied-in-law covenant was violated when Micron attributed his discharge to Jones's lack of commitment to company goals and personality clashes interrupting workload—reasons which Jones claims are untrue and amount to "false causes." Jones alleges these "false causes" hampered his efforts at finding new employment because he felt obligated to disclose them when other potential employers asked why his employment ended at Micron. Jones relies upon two Montana

---

**2.** The title of the writing tends to support Micron's explanation of its source and purpose. It is captioned, "Session 5: Managing Conflict—Introduction to Supervision."

cases, *Farris v. Hutchinson,* 254 Mont. 334, 838 P.2d 374 (1992), and *Prout v. Sears, Roebuck and Co.,* 236 Mont. 152, 772 P.2d 288 (1989), which hold that although an at-will employee can be discharged without cause, "if it is asserted the termination was for cause, the employee must have an opportunity to prove that the cause stated was false." *Farris,* 838 P.2d at 377.

The district court held that the facts alleged by Jones did not amount to a breach of the implied covenant of good faith, stating: "This court believes there are other recognized causes of action which would address wrongful or false statements made by a former employer which interferes with prospective economic relationships." The import of the district court's reasoning is that Jones's allegations regarding impairment of his efforts to find new employment are in the nature of a tort claim and do not present a cause of action in contract for a breach of the implied covenant of good faith and fair dealing. We agree. Whatever may be the scope of the "false cause" doctrine adopted in Montana by *Prout* and *Farris,* Jones has not shown that the reasons expressed to him for his discharge create a breach of the implied covenant of good faith and fair dealing as that covenant is recognized in Idaho law.

 The covenant of good faith and fair dealing is implied into all employment contracts. *Metcalf v. Intermountain Gas Co.,* 116 Idaho 622, 627, 778 P.2d 744, 749 (1989). It is a covenant in contract, not in tort, and its breach is a breach of contract, not a tort. *Idaho First National Bank v. Bliss Valley Foods, Inc.,* 121 Idaho 266, 288, 824 P.2d 841, 863 (1991); *Burton v. Atomic Workers Federal Credit Union,* 119 Idaho 17, 23, 803 P.2d 518, 524 (1990); *Metcalf,* 116 Idaho at 626, 778 P.2d at 748.[3] The implied covenant of good faith is violated only when a party "violates, nullifies or significantly impairs any benefit of the ... contract." *Idaho First National Bank v. Bliss Valley Foods,* 121 Idaho at 289, 824 P.2d at 864. There-

fore, a breach of this implied-in-law covenant is a breach of the employment contract, and the potential recovery is in contract damages, not tort damages. *Id.* The implied covenant of good faith does not inject substantive terms into the contract but, rather, "requires only that the parties perform in good faith the obligations imposed by their agreement.... Thus, the duty arises only in connection with terms agreed to by the parties...." *Id.* The covenant does not create on the part of the employer a duty that is not inherent in the employment agreement. *Metcalf,* 116 Idaho at 627, 778 P.2d at 749.

Accordingly, Jones's allegation that Micron stated false reasons for his termination could support a claim for breach of the implied covenant of good faith and fair dealing only upon a showing that because of Micron's conduct he was deprived of a benefit to which he was entitled under an express or implied-in-fact term of the employment agreement. The only "benefit" which he alleges to have been denied by Micron's conduct is the unimpeded opportunity to gain new employment. He has not demonstrated that such an opportunity was an agreed benefit of his employment contract with Micron. Therefore, if there existed any duty that was breached by Micron in this regard, it was a duty arising in tort, not in contract. Accordingly, we affirm the district court's grant of summary judgment on Jones's claim for breach of the implied covenant of good faith and fair dealing.

### III.

### CONCLUSION

Micron demonstrated that there exists no genuine issue of material fact and that it is entitled to judgment as a matter of law on Jones's claim for breach of implied-in-fact terms of his employment contract and for breach of the implied covenant of good faith

---

3. A tort of bad faith is recognized in the insured-insurer relationship. *White v. Unigard,* 112 Idaho 94, 730 P.2d 1014 (1986). However, this tort, "which had its genesis in the peculiar nature of the first-party insurance contract, as explained in *White v. Unigard,* has no application outside the

first-party insurance context." *Idaho First National Bank v. Bliss Valley Foods,* 121 Idaho at 276, 824 P.2d at 851. *See also Black Canyon Racquetball Club, Inc. v. Idaho First National Bank, N.A.,* 119 Idaho 171, 804 P.2d 900 (1991); *Burton,* 119 Idaho at 23, 803 P.2d at 524.

and fair dealing. Therefore, the summary judgment in favor of Micron is affirmed.

Costs to respondents.

WALTERS, C.J., and PERRY, J., concur.